Jewel Fay **BELL** et al., Petitioners,

v.

Addie **CAMPBELL** et al., Respondents.

No. B–568.

Supreme Court of Texas.

Nov. 6, 1968.

Rehearing Denied Dec. 11, 1968.

Harkness, Friedman & Kusin, Harry B. Friedman, Raffaelli, Lee & Hawkins, Sidney Lee, Texarkana, for petitioners.

Jack Price, Longview, Atchley, Russell, Hutchinson & Waldrop, Stephen Oden, Texarkana, for respondents.

WALKER, Justice.

This is a suit for personal injuries and wrongful death. Automobiles driven by Mrs. Addie Campbell and Thomas J. Marshall collided on U. S. Highway 67 a short distance west of Texarkana. A trailer attached to the Marshall vehicle became disengaged and overturned in the north lane of the highway. While attempting to remove the trailer from the highway, William Payton, Jr., John Homer Bell and Frank T. Bransford were injured when the trailer was struck by an automobile driven by W. W. Fore. Both Payton and Bell died as a result of their injuries.

The suit was brought by the statutory beneficiaries of Payton and Bell against Marshall, Mrs. Campbell, W. W. Fore and his wife, Mrs. Myrtle Fore. Bransford intervened seeking a recovery for the injuries he sustained. After settling their claims against the Fores, the plaintiffs and intervenor, who are petitioners here, proceeded against Marshall and Mrs. Campbell, respondents, who thereupon filed a third party action against the Fores for indemnity and contribution.

The trial court rendered judgment for respondents, and the Court of Civil Appeals affirmed. Bell v. Fore, Tex.Civ.App., 419 S.W.2d 686. As the case reaches us, the controlling question is one of causation. We agree with the Court of Civil Appeals that, as a matter of law, no alleged negli-

gence on the part of either Marshall or Mrs. Campbell that was submitted or requested to be submitted to the jury was a proximate cause of the second collision.

Highway 67 runs in an easterly and westerly direction. A store is located on the south side of the highway near the crest of a slight rise from which the highway slopes gradually in both directions. After purchasing several items at the store, Mrs. Campbell drove her pickup truck northwest across the highway with the view of proceeding west thereon to her home. Her truck was struck in the rear by an automobile driven by Marshall, who was also proceeding in a westerly direction. This first collision occurred at about 6:00 o'clock p. m. in the north traffic lane of the highway. It was dark at the time and a light rain was falling.

The force of the impact knocked Mrs. Campbell's vehicle off the roadway. Marshall's automobile also stopped off the travelled portion of the highway, but the trailer which he had been pulling turned over and came to rest in the north traffic lane. Many people gathered after the accident. One of them, Bennett Pearson, went east to the crest of the rise to signal westbound traffic with a flashlight. Others, including Bransford, Bell and Payton, attempted to remove the trailer from the highway. While they were so engaged, the trailer was struck by the Fore vehicle, and in this second collision Bransford, Bell and Payton received the injuries that are the basis of the present suit. Fore, who was driving in a westerly direction, either ignored or did not see the signal given by Pearson. According to the investigating officer, Fore first claimed that his wife was driving but later admitted that he was driving and had been drinking. A broken whiskey bottle was found in the Fore vehicle and two other bottles with their seals unbroken were found in the field across the fence on the north side of the highway. The two bottles were returned to and accepted by Fore.

In response to the special issues submitted, the jury: (1–9) refused to find that Marshall was negligent in failing to sound his horn, failing to keep a proper lookout, following too closely, operating at excessive speed, failing to drive to the right or left, operating the trailer without brakes thereon, failing to make proper application of his brakes, or that his vision to the rear was obscured; (10–10C) found that Marshall discovered Mrs. Campbell in a position of peril and realized that she would probably not be able to extricate herself, but refused to find that the discovery and realization were made at such time and distance that he could have avoided the collision by the exercise of ordinary care; (11) found that the manner in which Marshall was driving his vehicle was not the sole cause of the first collision; (12–14C) found that the *first collision* was proximately caused by the negligence of Mrs. Campbell in failing to keep a proper lookout, failing to yield the right-of-way, and driving at such a slow speed as to impede the normal and reasonable movement of traffic; (15) refused to find that Mrs. Campbell's vehicle was moving slowly along the highway immediately prior to the collision; (16) refused to find that the manner in which Mrs. Campbell was driving was not the sole cause of the first collision; (17) found that the first collision was not the result of an unavoidable accident; (18–18A) found that Marshall was acting in an emergency, and after being confronted with the emergency used ordinary care under the circumstances; (19) found that the manner in which Fore was operating his vehicle was a new, independent and intervening cause of the second collision; (20–23B) found that the *second collision* was proximately caused by the negligence of Fore in failing to keep a proper lookout, driving at excessive speed, failing to pass to the left of the trailer, and failing to make timely application of his brakes; (24) found that the second collision was not the result of an unavoidable accident; (25, 29 and 33) refused to find that Payton, Bell or Bransford failed to keep a proper look-

out; (26–26B, 30–30B, 34–34B) found that Payton, Bell and Bransford knew that a dangerous condition existed on the highway, appreciated the nature and extent of the danger, and voluntarily exposed themselves thereto; (37–39) found that Payton, Bell and Bransford were struck at a time when they were attempting to remove the trailer so it would not be a hazard to persons using the highway; (40–40B) found that after the first collision there was an immediate danger that an oncoming motorist would collide with the trailer, that by reason of such danger Fore and his wife were in a position of peril, and that at the time of their injuries, Payton, Bell and Bransford were attempting to rescue Fore and his wife from such position of peril.

Petitioners raise a number of questions concerning the issues dealing with *volenti non fit injuria* and new and independent cause and the findings of the jury in response thereto. As we view the case, these issues and findings are not material to a disposition of the appeal, and for the purpose of this opinion we will assume that such issues were not even submitted to the jury.

We agree with the Court of Civil Appeals that the charge fairly covers all of the alleged negligent acts and omissions on the part of Marshall and Mrs. Campbell that petitioners sought to have submitted. Although requested to do so by Mrs. Estella Payton, one of the petitioners, the trial court refused to submit any issue inquiring whether the negligence of either Marshall or Mrs. Campbell was a proximate cause of the death of Payton. No similar request was made by Bransford or by the statutory beneficiaries who would be entitled to recover for the death of Bell. Since the purpose of the suit was to establish respondents' liability for the injuries received in the second collision, the requested issues should have been submitted if they were raised by the evidence.

It is well settled that for a negligent act or omission to be the proximate cause of an injury, the injury must be the natural and probable result of the particular act or omission. This is based on the premise that a party should not be held responsible for consequences that could not reasonably have been foreseen. When the active and immediate cause of the injury is an independent agency, therefore, the first inquiry is whether the intervening cause and its probable consequences were such as could reasonably have been anticipated by the original wrongdoer. Texas & P. R. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Seale v. Gulf, C. & S. F. R. Co., 65 Tex. 274, 57 Am.Rep. 602.

Although the jury acquitted Marshall of negligence, we will speak of the negligence of respondents as though both were found guilty of some failure to exercise ordinary care which was a proximate cause of the first collision. It is clear that Payton, Bell and Bransford would not have been injured but for respondents' negligence, which created the condition that made the second collision possible. The active and immediate cause of the second collision, however, was an entirely independent agency, Fore. All forces involved in or generated by the first collision had come to rest, and no one was in any real or apparent danger therefrom. No one would have been injured if there had not been a second collision.

On somewhat similar facts, it was held as a matter of law in City of Vernon v. Lisman, Com.App., 17 S.W.2d 769, that the negligence of the original wrongdoer was not a proximate cause of Lisman's death. The decedent was a passenger in an automobile which stalled in the soft fill of a ditch which the city had excavated in one of its streets. While attempting to extricate the automobile, Lisman was struck and killed by another vehicle. Suit was brought against the city, which was alleged to have been negligent in filling and maintaining the ditch and in failing to give warning. In holding that a general de-

murrer to the petition was properly sustained, the court stated:

"It is apparent the death of deceased was not proximately caused by the negligence of defendant city, but was due to an efficient intervening cause; that is, the act of being struck by a passing automobile.

"* * * So here the act of the driver of the passing automobile in striking Lisman was itself an efficient intervening cause of his death, whether such act was negligence or not. It adds nothing to plaintiff's case that the accident would not have happened but for the negligence of the city in maintaining the mudhole. That was true in the Neely Case [Fort Worth & R. G. R. Co. v. Neely, Tex. Civ.App., 60 S.W. 282 (wr. dis.)]. This does not make such act a proximate cause of the subsequent injury. It would be purely speculative to hold that the city ought, under such circumstances, to anticipate not only that an automobile might become stalled in the mudhole and that its driver or occupant would get out into the street and make an effort to start it, but *that another vehicle would run him down and injure him.*"

In Fort Worth & D. C. R. Co. v. Garrett, Tex.Civ.App., 28 S.W.2d 301 (wr. ref.), the defendant railroad blocked a busy street crossing with a number of its cars. The decedent, one of its employees, was instructed to help direct traffic at the crossing. While so engaged he was struck and fatally injured by an automobile. The jury found that the decedent's injuries were proximately caused by the negligence of the railroad in blocking the street. The Court of Civil Appeals reversed and rendered, holding that as a matter of law the decedent's death "was caused by an independent and efficient intervening cause, to wit, the act of the automobile driver in hitting the deceased." See also Wester v. Smith, Tex.Civ.App., 213 S.W.2d 550 (no writ).

We agree with the Court of Civil Appeals that respondents could not reasonably foresee that the manner in which they operated their vehicles prior to the first collision might lead to the serious injury or deaths of persons not even in the zone of danger as a result of their being struck by another automobile which was some distance away at the time. For cases dealing generally with foreseeability as a test of proximate cause see Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543; Carey v. Pure Distributing Corp., 133 Tex. 31, 124 S.W.2d 847; Baughn v. Platt, 123 Tex. 486, 72 S.W.2d 580. This brings us to the second and principal contention urged by petitioners in support of their right to have the jury determine whether respondents' negligence was a proximate cause of the second·collision.

Petitioners argue that even though the second collision may have been proximately caused by the negligence of Fore, the negligence of respondents was a concurring cause of such collision. They rely on such cases as Robert R. Walker, Inc. v. Burgdorf, 150 Tex. 603, 244 S.W.2d 506; McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442; Gulf, C. & S. F. R. Co. v. Ballew, Com.App., 66 S.W.2d 659; Texas Power & Light Co. v. Culwell, Com.App., 34 S.W.2d 820; Texas Power & Light Co. v. Holder, Tex.Civ.App., 385 S.W.2d 873 (wr. ref. n. r. e., Tex.Sup., 393 S.W.2d 821); Texas Public Service Co. v. Armstrong, Tex.Civ.App., 37 S.W.2d 294 (wr. ref.); Parks v. Starks, 342 Mich. 443, 70 N.W.2d 805; and Duff v. Bemidji Motor Service Co., 210 Minn. 456, 299 N.W. 196.

If petitioners are correct in this contention, the fact that Fore's conduct was not reasonably foreseeable will not relieve respondents of liability. It was pointed out in *Ballew* that there are two lines of Texas cases which appear to conflict unless the difference between intervening causes and concurring causes is observed. One line is represented by *Seale* and *Bigham,* the

other by *Culwell* and *Armstrong*. The court then explained that:

"The first authority deals with a true intervening act or agency, which supersedes the original negligent act, and of itself operates as the efficient cause; whereas, the second authorities have to do with concurrent negligence or a concurrent act which co-operates with the still persisting original act in bringing about the injury. When the new cause or agency concurs with the continuing and co-operating original negligence in working the injury, the original negligence remains a proximate cause of the injury, and the fact that the new concurring cause or agency may not in such case have been reasonably foreseeable should not relieve the wrongdoer of liability."

In each of the above cited cases relied upon by petitioners, the condition created by the defendant's negligence was an active and efficient cause of the injury. According to the jury's findings in *Ballew,* the passenger's death was proximately caused by the negligence of the railroad in using a defective coupling, two engines, and too many cars in the train. The two engines supplied the force, and the rear fifteen coaches the resistance, which broke the train apart and caused the decedent to fall to the track when the emergency cord was accidentally pulled by a fellow passenger. The electric wires negligently maintained by the defendants in *Holder* and *Armstrong,* the leaking gas line which the defendant negligently failed to inspect and repair in *McAfee,* and the gasoline which the employees of the defendant negligently drained on the driveway of the filling station in *Walker,* were the sources of the energy which caused the injuries. In *Parks* the plaintiff was injured by a canopy which fell after one of its supports was damaged by the defendant, and in *Duff* the negligent failure of the service truck operator to set out flares as required by statute was a direct and immediate cause of the accident.

The situation here is quite different. All acts and omissions charged against respondents had run their course and were complete. Their negligence did not actively contribute in any way to the injuries involved in this suit. It simply created a condition which attracted Payton, Bell and Bransford to the scene, where they were injured by a third party. Respondents' negligence was not a concurring cause of their injuries.

An annotation published in 58 A.L.R.2d 270 deals with the general problem presented by this case. The decisions cited there indicate a division of authority and that a number of courts would probably allow the jury to determine the issue of causation under the present facts. That is to be expected in jurisdictions where liability is not limited to the foreseeable consequences of a wrongful act. As previously indicated, the Texas rule is otherwise. Moreover, some of the cases may be distinguished on their facts. For example, in Marshall v. Nugent, 1st Cir., 222 F.2d 604, 58 A.L.R.2d 251, which is cited by petitioners, the defendant's driver negligently left his truck standing on the highway after the first accident. The jury could have concluded under the evidence that this caused the third party to swerve and strike the plaintiff. The case is thus different from *Garrett* but somewhat like Missouri-Kansas-Texas R. Co. v. McLain, 133 Tex. 484, 126 S.W.2d 474. In the present suit no issue was submitted or requested concerning any negligence of respondents in failing to remove the trailer from the highway or give warning of the obstruction.

We hold that as a matter of law under the undisputed evidence concerning the sequence of events, the situation of the parties involved in the two accidents, and the manner in which the accidents occurred, the injuries involved in this suit were not proximately caused by any negligence of respondents but by an independent and intervening agency, Fore. According to

the jury's findings Fore is the person legally responsible for the injuries, and petitioners have settled their claims against him.

The judgment of the Court of Civil Appeals is accordingly affirmed.

SMITH, J., notes his dissent.

REAVLEY, J., not sitting.