**FURR'S, INC., Appellant,**

v.

**John P. BERNARD et ux., et al., Appellees.**

**No. 8268.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 11, 1972.

Rehearing Denied Jan. 2, 1973.

Crenshaw, Dupree & Milam, Cecil Kuhne and W. R. Moss, Lubbock, for appellant.

Gibbins & Spivey, Bob Gibbins, Austin, for appellees.

JOY, Justice.

This is an appeal from the trial court's judgment denying the plea of privilege urged by Furr's, Inc., defendant below. Affirmed.

Separate suits were brought by John P. Bernard and wife, and Nora Annie Dowdell against Furr's, Inc. for personal injuries suffered by Mrs. Bernard and Mrs. Dowdell when an automobile owned by Jack Allen Sanders, after being parked some 45 minutes on Furr's parking lot, rolled unattended from the parking lot onto an adjacent street striking the two ladies. The ladies had shopped at Furr's store and were in the process of walking across the parking area to their respective homes when the unattended automobile struck them either on the parking area or as they were leaving the parking area and entering the street.

Appellant contends it had no duty to protect the appellees from the injuries they received. The evidence reflects that the parking lot was owned by appellant for the use of its customers to park their automobiles. The parking lot contained a varying degree of slope with no barriers or retainers provided for the parking spaces to restrain parked automobiles. The appellees were invitees and an owner or occupant of premises owes a duty to exercise reasonable and ordinary care to maintain his premises in a reasonably safe condition for the use of the invitees. The owner will be liable for his negligence to an invitee while on the premises to which he has been invited. See Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625 (1941) and Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374 (1948). Whether or not the appellant was

negligent in not having barriers or retainers on its parking lot to protect its invitees from injury from automobiles that might move unattended, and whether or not appellant exercised reasonable care, are questions of fact to be determined upon the trial on the merits. In the case of Parking, Inc. v. Dalrymple, 375 S.W.2d 758 (Tex.Civ.App.—San Antonio 1964, no writ) the owner of a parking lot was held to have owed a duty to erect a barrier along the boundary of the parking lot to prevent injury to invitees by their falling into a creek adjacent to the parking lot. We are unable to find a real distinction between that case and the case at hand insofar as the negligence of the appellant is concerned.

■■ Although we are concerned here with the possibility of negligence of a third party, to wit Mr. Sanders' failure to leave his parked automobile secured in such a manner that it would not roll unattended, the question becomes one of whether the intervening cause and its probable consequences were such as could reasonably have been anticipated by the owner of the parking lot. Bell v. Campbell, 434 S.W.2d 117 (Tex.Sup.1968). *Bell* is cited by appellant as authority for the rule that when a defendant's act or omission only creates a condition and a new and independent cause intervenes, then the defendant's act or omission is not a proximate cause of plaintiff's injuries. The *Bell* and other cases relied upon are distinguishable in the aspect of foreseeability. The evidence reflects that other automobiles had rolled unattended off the parking lot of appellant on other occasions and that the appellant had knowledge of these occurrences, leading to the inference that the degree of slope of the parking lot could be such that a reasonably prudent owner might have taken precautions to avoid occurrences such as involved in this case, therefore supplying that foreseeability lacking in the *Bell* and other similar cases. We cannot say, as a matter of law, that the acts or omissions of appellant were not a proximate cause of the injuries to the appellees.

■ Appellant contends that the condition of the parking area was open and obvious to the appellees and therefore, as a matter of law, no duty was owed to warn appellees of the danger of rolling automobiles. We overrule this contention. The evidence reflects that appellees had no knowledge of automobiles having previously rolled unattended across the parking area although appellees did know that the parking area had some degree of slope. The trial court impliedly found that appellees were unaware of or did not appreciate the dangers even though they did have knowledge of the condition of the parking area.

■ Appellant also contends that appellees failed to show that appellant was a private corporation within the meaning of subdivision 23 of article 1995, Vernon's Ann.Civ.St. We overrule this contention as appellant's answer to the suits admits to being "a corporation duly incorporated under the laws of the State of Texas . . . ." Also appellant's employee store manager testified that appellant was a corporation, although he did not think it was a "private" corporation. In the face of the pleadings of appellees and the testimony and the further failure of appellant to deny its corporate status, we think the proof was sufficient under subdivision 23 of the venue statute.

The judgment of the trial court overruling appellant's plea of privilege is affirmed.