MASHBURN TRUCKING AND STOR-
AGE COMPANY, Appellant,

v.

CITY OF FAIRFIELD, Appellee.

No. 6223.

Court of Civil Appeals of Texas,
Waco.

Sept. 11, 1980.

Jerry P. Campbell, Beverly Willis, Naman, Howell, Smith, Lee & Muldrow, P.C., Waco, for appellant.

Roy W. Hill, Fairfield, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Mashburn from $1000 judgment rendered against it in favor of plaintiff City in a negligence case.

Plaintiff City sued defendant Mashburn alleging its driver negligent in parking a heavily loaded truck on the City's lightly paved parking area, causing destruction and damage to the asphalt paving.

Trial was to a jury which found:

1) Defendant's driver parked defendant's truck in front of the courthouse in Fairfield.

2) Defendant failed to obtain permission to park in the area; which was negligence; and a proximate cause of the occurrence.

3) Defendant drove its vehicle on a lightly paved area when the driver knew the truck and load were very heavy in weight; which was negligence; and a proximate cause of the occurrence.

4) Defendant operated its vehicle in a clearly marked side by side parking only area, in a parallel direction; which was negligence; and a proximate cause of the occurrence.

5) Defendant failed to keep a proper lookout as he proceeded to park, to see if the area was zoned for parking, in the manner in which he parked; which was negligence· and a proximate cause of the occurrence.

6) As a result of the foregoing acts of negligence, the City sustained $1000 damage.

The trial court rendered judgment on the verdict for plaintiff for $1000.

Defendant appeals on 14 points contending, among other matters, the trial court erred in rendering judgment for plaintiff because:

1) There was no evidence to establish any of the grounds of asserted negligence.

2) There was no evidence to establish proximate cause as to failure to obtain permission to park; parking parallel in a side by side parking area; and failure to keep a proper lookout to see if the area was zoned for parking in the manner parked.

On March 21, 1978 defendant's driver parked defendant's tractor trailer on the City of Fairfield's municipal parking lot adjacent to the Freestone County Courthouse. The vehicle was parked parallel to the curb in an area marked for side by side parking. The vehicle had cut through the pavement causing some damage. The lot contained no warning signs or signs prohibiting vehicles over a certain weight, or that the area was lightly paved. There was no indication that permission was required to park. There was no evidence of the weight the parking area would hold, and no evidence of the weight of the vehicle. There was no evidence defendant could or should have foreseen that damage could result by parking, and no evidence defendant knew or should have known the vehicle and load were too heavy for the parking area.

The mere fact that an accident occurred is no evidence that there was an unreasonable risk thereof. *Thoreson v. Thompson*, Tex., 431 S.W.2d 341. And foreseeability is an essential element which the plaintiff must prove to make out a cause of action for actionable negligence. A party cannot be held liable for consequences that could not reasonably have been foreseen. *Bell v. Campbell*, Tex., 434 S.W.2d 117.

Contentions 1 and 2 are sustained.

The judgment is reversed and judgment here rendered plaintiff take nothing.

REVERSED & RENDERED.