Affirmed and Plurality, Concurring, and Dissenting Opinions filed March
22, 2005









 

Affirmed and Plurality, Concurring, and Dissenting
Opinions filed March 22, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00680-CV

____________

 

JIMMIE REINICKE,
INDIVIDUALLY AND AS LEGAL REPRESENTATIVE

OF
THE ESTATES OF KAREN REINICKE, DECEASED, 

MAX
L. REINICKE, DECEASED, AND DERRICK A. REINICKE, DECEASED, Appellants

 

V.

 

AEROGROUND, INC., Appellee

 



 

On Appeal from the Probate
Court No. 2

Harris County, Texas

Trial Court Cause No. 308,512-401

 



 

C O N C U R R I N G   O P I N I O N








I disagree in part and agree in part with
the plurality opinion we issue today.  I
disagree that negligent activity and premises liability theories apply to this
case.  Instead, I agree with the dissent
that the controlling case law permitted the trial court to submit this case to
the jury under a general negligence theory of liability.  However, I agree with the decision to affirm
the trial court’s judgment notwithstanding the verdict because Mr. Reinicke
failed to raise a fact issue on proximate cause.  For this reason, I concur in the result
reached by the plurality opinion.

The trial court properly submitted this case under
general negligence principles

This case arose out of the tragic car
accident that occurred when Mrs. Reinicke’s van collided with an Aeroground
tractor-trailer rig that was parked on the shoulder of Highway 290.  For the reasons that follow, I believe the
trial court properly submitted the case to the jury using a general negligence
charge.   

The plurality characterizes this case as one
of premises liability rather than ordinary negligence because Aeroground’s
allegedly negligent acts, including running out of gas and parking the rig on
the shoulder, had ended before the accident occurred.  In order for Mr. Reinicke to recover for these
actions, the majority would require him to proceed under a premises liability
theory based upon a dangerous condition Aeroground created on the shoulder of
Highway 290.  But, I believe this case is
controlled generally by ordinary negligence principles, and specifically by
proximate causation.  Case law from the
Texas Supreme Court itself compels this conclusion. 








In Bell v. Campbell, the Court was
faced with a similar factual situation. 
434 S.W.2d 117, 118 (Tex. 1968). 
While driving along a highway, Bell came upon a traffic accident.  Id. 
A trailer—originally attached to a truck involved in the collision—had
disengaged and lay overturned in one lane of the highway.  Id. 
Bell and others stopped and attempted to remove the trailer from the
highway.  Id.  at 119. 
As Bell worked to move the overturned trailer, another car struck the
trailer, injuring Bell.  Id.  Faced with the dilemma of deciding whether
the initial accident caused Bell’s injuries, the Texas Supreme Court did not
turn to premises liability theory. 
Mentioning premises liability not once, the Court relied instead on
ordinary negligence principles and specifically focused on causation saying,
“the controlling question is one of causation.” 
Id. at 118.  And, while the
initial accident made the subsequent collision possible, that fact was not the
primary indicator of causation.  Rather,
the primary indicator was whether “all forces involved in or generated by the
first collision had come to rest and no one was in any real or apparent danger
therefrom.” Id. at 120.  Thus,
almost forty years ago, the Texas Supreme Court confirmed that general
negligence principles apply to a setting like the one here.  See id. at 118–123.

Only ten years ago, the Court reaffirmed
this approach in Union Pump Co. v. Allbritton.  898 S.W.2d 773, 774 (Tex. 1995).  Allbritton sued the manufacturer of a pump
that started a fire at a chemical company’s facility, saying that she would not
have been injured if the pump had not started the fire.  Id. 
Allbritton, one of the chemical company’s employees, had responded to
the fire.  Id.  After the fire was extinguished, she fell
from a pipe rack that was wet from substances used to douse the fire.  Id. 
Again, the case proceeded under a general negligence theory and again,
the Texas Supreme Court mentioned premises liability theory not once.  Id. at 774–77.  Again, when faced with an accident that
occurred after the initial negligent activity had ended, the Court
looked to whether the forces generated by the fire had come to rest by the time
Allbritton was injured and thus, whether as a matter of law, the forces were
“too remote to constitute legal causation.”[1]  Id. at 774.  

In short, then, in neither Bell,
nor Union Pump (nor Lear Siegler, Inc. v. Perez, 819 S.W.2d 470
(Tex. 1991) for that matter), did the Court turn to premises liability
theory.  Instead, it looked to general
negligence principles and specifically to proximate causation.  That is what we also must do.[2]         








The trial court properly granted judgment
notwithstanding the verdict in Aeroground’s favor

Thus, as the Texas Supreme Court did in Bell
and in Union Pump, to resolve the issue before us we must turn to
proximate causation and consider if the actions and omissions of Aeroground
that the Reinickes complain of—running out of gas and parking the rig on the
shoulder—“had run their course and were complete.”  Bell, 434 S.W.2d at 122.  The evidence in the trial below was
undisputed that “no one was in any real or apparent danger therefrom.”  Id. at 120.  As one eye witness testified, Aeroground’s
“truck was way off the side of the road. . . . The third lane was clear.”  Many cars passed the trailer without hitting
it.  To hit the trailer, Mrs. Reinicke’s
van had to go off the road onto the shoulder. 
In fact,  when the van hit the
trailer, it was moving back toward the third lane of traffic, after having left
the lane and traveled onto the shoulder. 
Certainly, the presence of Aeroground’s trailer on the shoulder of the
highway furnished the condition that made this unthinkable accident possible;
had the trailer not been there, the van might have returned to the third lane
without incident.  But, had the van not
left the lane of traffic, it would have passed the trailer, as did many cars
before it, without injury to it or its precious passengers.  So, although the trailer created a condition
that sealed the fate of the van and its passengers, it was only a remote
cause.  The van directly caused the
accident by departing from its route in the third lane and moving onto the
shoulder where the trailer lay, off the road. 
Union Pump, 898 S.W.2d at 776 (“Legal cause is not established if
the defendant’s conduct . . . does no more than furnish the condition that
makes the plaintiff’s injury possible.”).








The dissent understandably rejects this
conclusion.  All of us would like to
place blame on someone for the unspeakable events that transpired.  But the law will not allow us to do that in
this case on these facts.  No one knows
why the van left the lane of traffic and drifted onto the shoulder several
times before hitting the trailer.  I
think the key to this mystery is the manner in which the van left the road: it
drifted off the road.  It did not move in
a jerky or sudden manner as if its occupants were startled by what they saw on
the shoulder of the road.  Rather, it
moved out of its lane and onto the shoulder without any apparent concern over
the trailer.  In fact, there is no
evidence in the record tending to prove that Aeroground’s negligence, rather
than any other factor, somehow caused the van to leave the lane and collide with
the trailer.  Without this evidence, we
can only speculate and our speculation—where any number of possible causes
exist and none is more probable than another—cannot support the jury’s
affirmative finding on proximate cause.  See
Marathon Corp. v. Pitzer, 106 S.W.3d 724, 728–29 (Tex. 2003) (per curium).
 

Conclusion

Because of this uncertainty over this
tragic accident, I would hold that the trial court properly granted
Aeroground’s motion for judgment notwithstanding the verdict.   Contrast Longoria, 44 S.W.3d at 674
(distinguishing Bell and Union Pump, and holding disabled car on
shoulder did proximately cause injuries when it “created a boxed canyon
effect” and  the plaintiff was “ensnared
by the danger created by the defendant”).

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment
rendered and Plurality, Concurring, and Dissenting Opinions filed March 22,
2005.

Panel consists of Justices Fowler,
Edelman, and Seymore.  (Edelman, J.,
plurality.) (Seymore, J., dissenting.)

 

 

 











[1]  In holding
that the trial court properly granted the defendant’s motion for summary
judgment, the Court held Allbritton had not shown the proximate cause required
to recover on her negligence claims, nor the producing cause required to
recover on her strict liability claim.  Union
Pump, 898 S.W.2d at 774–76.





[2]  This court has
followed this approach before.  See
Longoria v. Graham, 44 S.W.3d 671, 672 (Tex. App.—Houston [14th Dist.]
2001, no pet.) (analyzing accident that occurred when plaintiff’s car
sideswiped a disabled car parked on the shoulder under general negligence
principles and stating the dispositive issue was causation); see also State
v. San Miguel, 981 S.W.2d 342, 344–45 (Tex. App.—Houston [14th Dist.] 1998)
(op. on reh’g), rev’d on other grounds, 2 S.W.3d 249 (Tex. 1999)
(finding trial court did not err in submitting general negligence, rather than
premise defect, theory when case involved the placement of a barricade device
along the side of a highway and rejecting the assertion that ‘the choice
between a negligence  and premises defect
charge turns solely on whether the injury results from a contemporaneous human
act or a condition of property’).