In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-017 CV


____________________



BETH ANN ROBERTS AND JOE WAYNE CHURCH, Appellants



V.



TXU ENERGY RETAIL COMPANY LP, 


AND TXU ELECTRIC DELIVERY COMPANY f/k/a 


ONCOR ELECTRIC DELIVERY COMPANY, Appellees






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. 36480-03-06






 OPINION 


 Appellants Beth Ann Roberts and Joe Wayne Church present this appeal from a
summary judgment that they take nothing on their negligence suit against appellees TXU
Energy Retail Company LP, and TXU Electric Delivery Company f/k/a Oncor Electric
Delivery Company (collectively referred to as TXU). (1) In a sole issue, appellants contend the
trial court erred in granting TXU's motion for summary judgment because there are genuine
issues of material fact. We conclude TXU was entitled to summary judgment as a matter of
law and affirm the judgment.

 Mary and Eustace Butler were the foster parents of appellants' two sons. On
November 1, 2002, TXU disconnected the Butlers' electricity for nonpayment of the
electrical bill. That evening, the Butlers used candles to light their home. Due to the 
handling of a candle, a fire started and destroyed the Butlers' home. Tragically, appellants'
sons were killed in the fire. 

 Appellants brought suit against TXU, claiming TXU's negligence in disconnecting
the Butlers' electricity was the proximate cause of their children's deaths. TXU moved for
summary judgment on traditional grounds, asserting they were entitled to judgment as a
matter of law because appellants could not establish TXU's conduct proximately caused their
children's deaths. See Tex. R. Civ. P. 166a(c). Appellants attempted to raise genuine fact
issues by arguing TXU's disconnection of electricity caused the fire, and it was foreseeable
that the Butlers would use candles for lighting and would create a danger. The trial court
granted TXU's motion for summary judgment. 

 In a traditional summary judgment motion brought under Rule 166a(c), the movant
has the burden of showing that there is no genuine issue as to any material fact and that it is
entitled to judgment as a matter of law. Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215-16 (Tex. 2003). We view all evidence in a light favorable to the
nonmovant, and we indulge every reasonable inference in the nonmovant's favor. Id. at 215. 
 A defendant who disproves an essential element of the plaintiff's cause of action as
a matter of law is entitled to summary judgment. Doe v. Boys Club of Greater Dallas, Inc.,
907 S.W.2d 472, 476-77 (Tex. 1995). "After the defendant produces evidence entitling it to
summary judgment, the burden shifts to the plaintiff to present evidence creating a fact
issue." Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996).

 The elements of a negligence cause of action are the existence of a legal duty, a breach
of that duty, and damages proximately caused by the breach. Boys Club, 907 S.W.2d at 477. 
Proximate cause is the only element at issue here. The two elements of proximate cause are
cause in fact and foreseeability. Id. Cause in fact is established when the act or omission
was a substantial factor in bringing about the injury, and without it, the harm would not have
occurred. Id. Foreseeability "requires that a person of ordinary intelligence should have
anticipated the danger created by a negligent act or omission." Id. at 478. 

 At some point in the causal chain, the defendant's conduct may be too remotely
connected with the plaintiff's injury to constitute legal causation. Union Pump Co. v.
Allbritton, 898 S.W.2d 773, 775 (Tex. 1995). In Union Pump, a pump caught fire at a
Texaco Chemical Company facility. Id. at 774. Allbritton, an employee of Texaco
Chemical, assisted in extinguishing the fire. Id. Two hours after the fire was extinguished, 
an emergency required Allbritton to go to another location at the facility. Id. Upon returning
from that location, instead of taking a safer route, Allbritton walked across a pipe rack that
was still wet from extinguishing the fire and was injured when she fell. Id. She alleged that
Union Pump, by manufacturing a defective pump that caused the fire, which in turn led to
the pipe rack's being wet and slippery, caused her injuries. Id. The Supreme Court held that
the circumstances surrounding Allbritton's injuries were too remotely connected with the
defective pump to constitute the cause in fact of her injuries. Id. at 776. The pump, by
causing a fire, did no more than create the condition that made her injuries possible. Id.

 In Bell v. Campbell, two cars collided, and a trailer attached to one of them
disengaged and overturned into the opposite lane. 434 S.W.2d 117, 119 (Tex. 1968). A
number of people gathered, and three of them were attempting to move the trailer when they
were struck by another vehicle. Id. at 119. The Supreme Court held that the parties to the
first accident were not a proximate cause of injuries in the second accident because:

 All acts and omissions charged against respondents had run their course and
were complete. Their negligence did not actively contribute in any way to the
injuries involved in this suit. It simply created a condition which attracted [the
plaintiffs] to the scene, where they were injured by a third party.


Id. at 122. The Supreme Court's analysis in Bell v. Campbell remains viable, and was
recently applied in IHS Cedars Treatment Center of Desoto, Texas, Inc. v. Mason, where the
Supreme Court held that a patient's early discharge from a hospital was not the cause in fact
of injuries the patient sustained in an automobile accident occurring approximately twenty-eight hours after discharge. 143 S.W.3d 794, 799, 800, 802 (Tex. 2004). 

 Here, the circumstances surrounding the children's deaths were too remotely
connected with TXU's disconnection of electricity to constitute the cause in fact of the
deaths. See Union Pump, 898 S.W.2d at 775; Riojas v. Lone Star Gas Co., 637 S.W.2d 956,
959 (Tex. App. -- Fort Worth 1982, writ ref'd) (holding defendant's act of disconnecting gas
service for nonpayment was not proximate cause of plaintiffs' carbon monoxide poisoning). 
TXU's disconnection of electricity was not a substantial factor in bringing about the
children's deaths because the children died as a result of a fire caused by the handling of a
candle. Merely creating the condition that makes harm possible falls short, as a matter of
law, of satisfying the substantial factor test. Union Pump, 898 S.W.2d at 776. We find there
is no genuine fact issue concerning the cause in fact element. Therefore, we affirm the
summary judgment. 

 AFFIRMED.

 ___________________________

 HOLLIS HORTON

 Justice


Submitted on June 29, 2005

Opinion Delivered August 25, 2005

Before Gaultney, Kreger and Horton, JJ.
1. Appellants also originally sued a third defendant, TXU Corp., but later omitted TXU
Corp. from their second amended petition. See Tex. R. Civ. P. 65; see also Randolph v.
Jackson Walker L.L.P., 29 S.W.3d 271, 274 (Tex. App. -- Houston [14th Dist.] 2000, pet.
denied).