**REVERSE and RENDER; Opinion Filed November 9, 2012.**



In The

# Court of Appeals

# Fifth District of Texas at Dallas

## No. 05-10-01061-CV

## NORTH TEXAS TRUCKING, INC., Appellant

## V.

## CARMEN LLERENA, Appellee

## On Appeal from the 116th Judicial District Court
## Dallas County, Texas
## Trial Court Cause No. 07-10582-F

# MEMORANDUM OPINION

Before Justices Moseley, Lang-Miers, and Murphy
Opinion By Justice Moseley

Carmen Llerena contends she was injured while employed by North Texas Trucking, Inc. and

filed this lawsuit to recover damages for negligence and fraud. A jury found North Texas liable on

those causes of action and awarded Llerena damages. The trial court rendered judgment on the jury's

verdict and overruled North Texas's motions for judgment notwithstanding the verdict, to modify

the judgment, and for a new trial. North Texas appeals, contending there is no evidence to support

the jury's findings of negligence and fraud.

The background of the case and the evidence adduced at trial are well known to the parties;

thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue

this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We reverse the trial court's judgment and

render judgment that Llerena take nothing from North Texas.

North Texas challenges the legal sufficiency of the evidence to support the jury's fraud finding. Llerena alleged that North Texas fraudulently induced her to accept a job as bookkeeper and office manager by falsely representing that it had workers' compensation insurance. North Texas argues there is no evidence Llerena's reliance on the representation that North Texas carried workers' compensation insurance caused her to suffer an injury.

An essential element of a fraud claim is that the plaintiff was injured as a result of relying on the misrepresentation. *See Forney 921 Lot Dev. Partners I, L.P. v. Paul Taylor Homes, Ltd.*, 349 S.W.3d 258, 270 (Tex. App.—Dallas 2011, pet. denied). Damages for fraud are measured by either the benefit-of-the-bargain measure or the out-of-pocket measure. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 636–37 (Tex. 2007); *Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 49 (Tex. 1998). "Out-of-pocket damages, which derive from a restitutionary theory, measure the difference between the value of that which was parted with and the value of that which was received." *Baylor Univ.*, 221 S.W.3d at 636. "Benefit-of-the-bargain damages, which derive from an expectancy theory, evaluate the difference between the value that was represented and the value actually received." *Id.* Both measures of damages are determined at the time of the sale or transaction. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 817 (Tex. 1997).

There is evidence Llerena accepted the job with North Texas thinking she was getting a better job. She testified that before accepting the job, she was working as a loan officer and had all the benefits North Texas offered her, including workers' compensation insurance. A few days after her injury, North Texas told her it did not have workers' compensation insurance. North Texas paid her full wages for approximately two months after she left work for her first surgery. North Texas paid

her sixty percent of her wages for another three months. After that, North Texas terminated her employment.

There is no evidence in the record of out-of-pocket damages, that is the difference between the value Llerena parted with and the value she received in accepting the job. Nor is there any evidence in the record of benefit-of-the-bargain damages; Llerena presented no evidence of the amount of workers' compensation benefits she would have received for her injury if North Texas had carried workers' compensation insurance.

Citing two companion cases out of the El Paso Court of Appeals, Llerena argues she was not required to prove what she would have received had North Texas carried workers' compensation insurance. *See Beneficial Pers. Servs. of Tex., Inc. v. Porras*, 927 S.W.2d 177, 190 (Tex. App.—El Paso 1996), *vacated pursuant to settlement*, 938 S.W.2d 716 (Tex. 1997); *Beneficial Pers. Servs. of Tex., Inc. v. Rey*, 927 S.W.2d 157, 170 (Tex. App.—El Paso 1996), *vacated pursuant to settlement*, 938 S.W.2d 717 (Tex. 1997). In both cases, the plaintiffs asserted that Beneficial fraudulently induced them to enter into employment contracts by promising they would receive workers' compensation benefits equal to those available under Texas law without the intention of performing that promise. *Porras*, 927 S.W.2d at 186; *Rey*, 927 S.W.2d at 168. In both cases the plaintiffs offered evidence of the benefits they would have been entitled to under workers' compensation law and that they "received significantly less in monetary benefits than [they] *should have received under Texas law.*" *Porras*, 927 S.W.2d at 181, 190 (emphasis added); *Rey*, 927 S.W.2d at 163, 170 (same).

Here, however, Llerena presented no evidence of what she would have received had North Texas provided workers' compensation insurance. The jury found Llerena's damages resulting from the occurrence in question were medical expenses in the past, lost earnings in the past and in the

future, and "compensatory damages in the past," including "emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses." But without evidence of what Llerena's workers' compensation benefits would have been, there is no evidence her reliance on the representation about workers' compensation insurance caused her to lose earnings, medical expenses, or the non-pecuniary losses found by the jury.[1]

Because there is no evidence Llerena's reliance on the misrepresentation caused her fraud damages, the jury's fraud finding does not support the judgment. We need not address whether the evidence supports the other elements of fraud. We sustain North Texas's second issue.

North Texas next challenges the legal sufficiency of the evidence to support the negligence finding.[2] Llerena asserted that North Texas breached a legal duty to provide her with a safe working environment and she suffered carpal tunnel syndrome as a result of excessive typing and paper handling she was required to perform as a bookkeeper and secretary for North Texas.

Llerena testified she worked at North Texas for four years before her injury and had no previous medical conditions. She normally prepared fifteen to twenty invoices on Mondays by typing entries from delivery tickets into a computer software program. She also had to total the invoices using a ten-key machine and she would handwrite 100 to 120 checks on Saturdays. Llerena testified that her office equipment and furniture were old and uncomfortable and her complaints to North Texas about the equipment and furniture were ignored. On one Monday in 2006, she was

---

[1] Neither measure of fraud damages was submitted to the jury. North Texas objected to the damage question and argued the court should submit separate damage questions for fraud and negligence. North Texas adopted a co-defendant's objection that the damage question must be segregated because the causes of action have separate measures of damages. Thus, Llerena did not obtain a jury finding on fraud damages caused by her reliance on the misrepresentation. Because North Texas objected to the omission of a question on fraud damages, we may not deem a finding on this element. *See* TEX. R. CIV. P. 279; *Tex. Dept. of Transp. v. Gutierrez*, 284 S.W.3d 848, 850 (Tex. 2009) (per curiam); *State Dept. of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992) (reversing and rendering judgment where defendant objected to omission of element of plaintiff's claim).

[2] North Texas is a nonsubscriber to the Texas Workers' Compensation Act. *See* TEX. LAB. CODE ANN. § 406.002(a) (West 2006) (employer may elect whether to obtain workers' compensation coverage). Thus, to recover damages for personal injury, Llerena was required to prove negligence of the employer or of an agent or servant of the employer acting within the general scope of the agent's or servant's employment. *Id.* § 406.033(d).

required to prepare fifty invoices late in the day without rest. One invoice took more than three hours to complete. When she left work that day, her wrists and hands were numb, painful, and swollen. She was later diagnosed with carpal tunnel syndrome and underwent surgery on both wrists. Her condition did not improve significantly. One of her doctors testified that the repetitive trauma resulting from typing and using her hands at work caused her carpal tunnel syndrome.

To support her negligence claim, Llerena was required to present evidence of a legal duty, breach of that duty, proximate cause, and damages. *See Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam). Proximate cause comprises two elements: cause in fact and foreseeability. *Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex. 2002). The test for cause in fact is whether the act or omission was a substantial factor in causing the injury "without which the harm would not have occurred." *Id.* A finding of cause in fact cannot be supported by "mere conjecture, guess, or speculation." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995).

There is evidence in the record that Llerena's carpal tunnel syndrome was work related, but there is no evidence that any modification of her work environment or work requirements would have prevented or lessened her injury. *See Apodaca*, 81 S.W.3d at 822 (essential defect in plaintiff's evidence was that while it showed employer should have used other practices and that plaintiff's injuries were work related, none of it showed that had employer used those other practices, plaintiff would not have been injured); *Patino v. Complete Tire, Inc.*, 158 S.W.3d 655, 661–62 (Tex. App.—Dallas 2005, pet. denied) (evidence of work-place injury is no evidence that, if employer "had done something different," plaintiff would not have been injured or would not have received the specific injuries he claimed). In her appellate brief, Llerena speculates about several things North Texas could have done, such as hiring another billing person during peak seasons, providing her with better office equipment and furniture, mandating rest periods, or staggering her work periods to

allow her hands to rest, but she presented no evidence at trial that had North Texas done any of these things she would not have been injured. *See Apodaca*, 81 S.W.3d at 821.

Llerena attempts to distinguish *Apodaca* because that case involved back and neck injuries in addition to carpal tunnel syndrome injuries to the plaintiff's wrist. This is not a meaningful distinction. *Apodaca* sets out a categorical rule of law that some negligent act or omission by the employer must proximately cause the employee's injury; this rule is not dependent on the type of injury. *See Apodaca*, 81 S.W.3d at 821–22 (concluding there was no evidence plaintiff would not have been injured if employer had performed symptom surveys, modified the work environment, required fewer repetitions per hour, provided a more comfortable work station, or provided additional equipment). Regardless of the type of work-place injury, a plaintiff is required to prove the employer's breach of a legal duty owed to the employee was a proximate cause of the injury. *See Leitch v. Hornsby*, 935 S.W.2d 114, 118–19 (Tex. 1996).

In addition, the court in *Apodaca* pointed out the medical evidence relating to the carpal tunnel syndrome in Apodaca's wrist in its causation analysis:

> The doctors agreed that at least part of Apodaca's injuries, specifically his wrist injury, was work related. Two doctors testified that the motions demanded by Apodaca's work environment caused carpal tunnel syndrome to develop in Apodaca's wrist; another stated that he believed all of Apodaca's injuries were caused by his job. *But no doctor linked those injuries to anything Excel did or failed to do.* While the evidence supports the conclusion that at least some of Apodaca's injuries were work related, it fails to establish that Apodaca would not have been injured but for any negligent conduct by Excel.

*Apodaca*, 81 S.W.3d at 822 (emphasis added). The evidence here is similar; no doctor linked Llerena's injury to anything North Texas did or failed to do.

Llerena argues *Apodaca* was wrongly decided and imposed a new standard of "actual cause." We disagree. *Apodaca* restated and applied established Texas law on cause in fact—the test is

whether some negligent act or omission by the defendant was a "substantial factor in bringing about injury" and without which the harm would not have occurred. *See Boys Clubs*, 907 S.W.2d at 477; *Havner v. E–Z Mart Stores, Inc.*, 825 S.W.2d 456, 458–59 (Tex. 1992); *Brown v. Edwards Transfer Co.*, 764 S.W.2d 220, 223 (Tex. 1988); *Bell v. Campbell*, 434 S.W.2d 117, 120 (Tex. 1968); *Carey v. Pure Distrib. Corp.*, 124 S.W.2d 847, 849 (Tex. 1939). Evidence that an employee's injuries were work related is insufficient to establish that the employee would not have been injured but for any negligent act or omission by the employer. *Apodaca*, 81 S.W.3d at 822. Otherwise, employers would become insurers of all "work related" injuries to their employees. But that is not the law. *See Elwood*, 197 S.W.3d at 795 (an employer is not an insurer of its employees' safety); *Leitch*, 935 S.W.2d at 117 (same); *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993) (same).

We conclude there is no evidence that North Texas's negligence was a cause in fact of Llerena's injuries. We sustain North Texas's first issue. Based on our resolution of North Texas's first two issues, we need not address its remaining issues. *See* TEX. R. APP. P. 47.1.

Because there is no evidence to support essential elements of the fraud and negligence findings, there is no evidence to support the trial court's judgment. Accordingly, we reverse the trial court's judgment and render judgment that Llerena take nothing.

_____
JIM MOSELEY
JUSTICE

101061F.P05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NORTH TEXAS TRUCKING, INC.,
Appellant

No. 05-10-01061-CV          V.

CARMEN LLERENA, Appellee

Appeal from the 116th Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
07-10582-F).
Opinion delivered by Justice Moseley,
Justices Lang-Miers and Murphy
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that Carmen Llerena take nothing from North Texas Trucking, Inc. It is **ORDERED** that appellant North Texas Trucking, Inc. recover its costs of this appeal from appellee Carmen Llerena. It is **ORDERED** that the clerk of the trial court release the full amount of the cash deposit in lieu of supersedeas bond to the person who made the deposit.

Judgment entered November 9, 2012.

JIM MOSELEY
JUSTICE