# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2023

Lyle W. Cayce
Clerk

_____

No. 23-50146
_____

Osvaldo Perez,

*Plaintiff—Appellant*,

*versus*

U.S. Xpress, Incorporated; James Coan,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CV-432

_____

Before King, Willett, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Osvaldo Perez appeals the district court's entry of summary judgment in favor of U.S. Xpress, Inc., and James Coan on Perez's negligence claims, which arise out of a parking-lot bump in a truck-stop parking lot. Perez was asleep in his tractor trailer. The bump woke him up, and he jumped out of his bunk—instead of climbing down like he normally does—landing on the floor and injuring himself in the process. We agree with the district court that, as

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50146

a matter of law, the defendants did not proximately cause Perez's injuries. We thus AFFIRM.

I

This lawsuit arises out of a parking-lot accident on January 23, 2020. Perez was asleep in the top bunk of the cabin of his tractor-trailer, which was parked at a truck rest stop. Coan, who was driving a tractor-trailer for U.S. Xpress at the time, attempted to park his vehicle next to Perez's. But as Coan turned into the parking space, one front corner of his vehicle bumped a back corner of Perez's vehicle. Coan was going 3 miles per hour at the time.

The impact woke Perez up. He "wanted to find out what was happening." Perez testified as to his thought process at the moment: "Normally if you're sleeping inside the truck and somebody hits you, they just leave, and then you don't know what happened. So, then, if you don't get out of the cab and take a look, the other person can just drive away. And that—and that's what happened. I was deep asleep, and I got scared. I didn't know what was going on."

So he jumped—out of his bunk and onto the floor. Or, as he put it, he "dove off the bed." This was not, however, his usual procedure for getting out of his bunk. Normally, he gets down from the top bunk by putting one foot on a cabinet, and then the other foot on the lower bunk, before lowering himself to the floor. This time, though, he "skipped those steps and just jumped straight to the floor." As he landed, he felt a "pinch" or "stab" in his back.

After he landed, he went out the driver's door, down the steps, into the parking lot, and there he saw Coan's tractor-trailer. He spoke with Coan, took some pictures, and called the police. The police reported to the scene, made a report, and issued no citations. Perez then got back into the truck, went back to bed, and later completed the rest of his route.

No. 23-50146

Perez sued Coan and U.S. Xpress in Texas state court under a variety of negligence theories, claiming that they are responsible for his injuries, including medical expenses, lost wages, pain and suffering, mental anguish, and loss of earning capacity in the future. The defendants removed the case to the U.S. District Court for the Western District of Texas, invoking the court's diversity jurisdiction.

The district court heard argument and orally granted the defendants' motion for summary judgment on September 28, 2022. Perez timely filed a notice of appeal on February 27, 2023. *See* Fed. R. App. P. 4(a)(7)(A)(ii). The district court entered its written order and opinion, as well as the Rule 58 judgment, on March 10, 2023. Relevant to this appeal, the court held that the defendants' negligence was not the proximate cause of Perez's back injury.

## II

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. *McClendon v. United States*, 892 F.3d 775, 780–81 (5th Cir. 2018). Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Id.* (citing Fed. R. Civ. P. 56(a)). "Under the federal summary judgment standard, if the court determines that a reasonable juror could not find in the plaintiff's favor on any one of the[] elements" of negligence, "a grant of summary judgment for the defendant is appropriate." *Funches v. Progressive Tractor & Implement Co.*, 905 F.3d 846, 851 (5th Cir. 2018); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## III

On appeal, Perez argues that a reasonable juror *could* conclude that Coan's collision was a proximate cause of Perez's injuries. We disagree.

3

In Texas, "[t]he elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). "The two elements of proximate cause are cause in fact (or substantial factor) and foreseeability." *Id.* "These elements cannot be satisfied by mere conjecture, guess, or speculation." *Id.* at 789–99.

At issue here is cause-in-fact. "Cause in fact is established when the act or omission was a substantial factor in bringing about the injuries, and without it, the harm would not have occurred." *Id.* at 799. Of particular relevance, "cause in fact is not established where the defendant's negligence does no more than furnish a condition which makes the injuries possible." *Id.* "In other words, the conduct of the defendant may be too attenuated from the resulting injuries to the plaintiff to be a substantial factor in bringing about the harm." *Id.* Thus, under Texas law, "merely creating the condition that makes the harm possible falls short as a matter of law of satisfying the substantial factor test." *Id.* at 800.

One key case illustrates this principle. In *Bell v. Campbell*, three Good Samaritans were trying to remove a trailer from the highway after a vehicular collision, but as they did so a passing vehicle struck the trailer, killing two of the Good Samaritans and injuring the third. 434 S.W.2d 117, 118 (Tex. 1968). When the Good Samaritans' beneficiaries sued the drivers involved in *both* collisions, the Supreme Court of Texas held that the negligence of the drivers involved in the *first* accident was not a proximate cause of the *second* accident, even though the second accident would not have happened but for the first. *Id.* at 122. In the court's view, "[a]ll forces involved in or generated by the first collision had come to rest, and no one was in any real or apparent danger therefrom. No one would have been injured if there had not been a second collision." *Id.* at 120.

4

No. 23-50146

Here, Perez sustained an injury to his back when he jumped from the top bunk and landed on the ground, not when Coan bumped into Perez's vehicle. The impact did not cause Perez to fall out of his bunk. He jumped out of bed *after* the impact. As in *Bell*, then, the forces from Coan's negligence had come to rest and Perez was in no further danger from Coan's negligent operation of the vehicle. *See id.* Nor is there any evidence that the impact caused him to involuntarily and "instinctively" leap out of bed. To the contrary, the record unequivocally shows that his decision to dive out of bed was deliberate: he needed to move fast to "take a look" before the other driver could drive away. Finally, Perez points to no evidence suggesting that he would have sustained the same back injury from Coan's collision had he followed his *usual* protocol of descending from the top bunk using footholds. Coan's negligence was therefore not a cause-in-fact of Perez's back injury. No reasonable juror could conclude otherwise from this record.

In sum, we agree with the district court that Perez has not shown any genuine dispute of material fact as to proximate causation. Perez was not injured by the collision; he was injured afterward, when he dove out of bed to catch the person who bumped into his vehicle in the parking lot. Because we affirm on this ground, like the district court we do not need to consider the defendants' alternative argument that Perez's injury was not a foreseeable cause of Coan's negligence in parking the tractor-trailer.

AFFIRMED.

5