Nancy Hamilton GREEN, Individually, and as Independent Executrix of the Estate of Thomas Larry Green, Deceased; James Palmer Green and Thomas Larry Green, Jr., Appellants,

v.

GS ROOFING PRODUCTS COMPANY, INC., Appellee.

No. 14–95–00604–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 25, 1996.

---

Olan J. Boudreaux, Wayne Fisher, Houston, for appellants.

Terriann Trostle, Claude Bivin Masters, Kathleen W. Osman, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

MURPHY, Chief Justice.

Appellants, Nancy Hamilton Green, individually and as independent executrix of the estate of Thomas Larry Green, James Palmer Green and Thomas Larry Green, Jr., appeal a take-nothing summary judgment granted in favor of appellee, GS Roofing Products Company, Inc. Appellants bring one point of error, contending the trial court improperly granted summary judgment because fact issues exist as to their negligence claim. We affirm.

On November 23, 1992, appellee loaded its roofing materials on a flat-bed truck, which was owned and operated by Woerner Transportation, Inc. ("Woerner"). Red River Intermodel, Inc. retained Woerner to transport appellee's products from Shreveport, Louisiana to Florida. After departing from appellee's facility, the roofing materials shifted on the truck, causing the driver to pull over and park on the shoulder of Interstate 20. The driver subsequently placed triangular reflectors near the truck to warn oncoming traffic. The truck remained parked at that location overnight. The following morning, while traveling eastbound on Interstate 20, Thomas Green ("Green") slowed down as he approached the parked Woerner truck. Green's car was then struck from the rear by a truck owned by Atlas Van Lines, Inc. ("Atlas"), killing Green as a result of an ensuing fire.

Appellants brought this suit against Atlas, Woerner, and appellee. Appellants alleged that by negligently loading hot roofing materials onto the Woerner truck, appellee created a road hazard. Appellee filed a motion for summary judgment, asserting exclusively that it was not a proximate cause of the

accident. The trial court granted appellee's motion and severed appellant's claims against appellee from the remainder of the case. *See Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984) (stating that an interlocutory summary judgment may be made final if the judgment severs the issues and parties that are left unadjudicated).

On appeal from a summary judgment, this Court must determine whether the proof establishes, as a matter of law, that no genuine issue of material fact exists. *Rodriguez v. Naylor,* 763 S.W.2d 411, 413 (Tex. 1989). To decide whether a disputed material fact exists, we view the proof in favor of the non-movant and take the proof as true, resolving all doubts and indulging all reasonable inferences in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). A defendant as a movant for a summary judgment must either (1) disprove at least one element of each of plaintiff's theories of recovery; or (2) plead and conclusively establish each element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex. 1979); *see also Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991).

In their sole point of error, appellants contend the trial court improperly granted summary judgment because fact issues existed as to whether (1) appellee owed a duty to Green and breached that duty; and (2) appellee's conduct was the proximate cause of Green's death. The elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty. *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex.1995); *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). We will focus on whether appellee's conduct proximately caused Green's death.

The two elements of proximate cause are cause in fact and foreseeability. *Doe,* 907 S.W.2d at 477. These elements cannot be established by mere conjecture, guess, or speculation. *Id.* If a negligent act or omission is a substantial factor in bringing about the injury and without which no harm would have occurred, the act or omission is a cause in fact of the injury. *Nixon,* 690 S.W.2d at 549. At some point in the causal chain, however, the defendant's conduct may be too remotely connected with the plaintiff's injury to constitute legal causation. *Union Pump Co. v. Allbritton,* 898 S.W.2d 773, 775 (Tex.1995); *Lear Siegler,* 819 S.W.2d at 472. Cause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible. *Doe,* 907 S.W.2d at 477; *Union Pump Co.,* 898 S.W.2d at 776.

Our Supreme Court has examined the boundaries of cause in fact in cases involving similar facts. *See Lear Siegler,* 819 S.W.2d 470; *Bell v. Campbell,* 434 S.W.2d 117 (Tex. 1968). In *Lear Siegler,* the appellant, a state employee for the highway department, was driving a truck pulling a flashing arrow sign to warn traffic of highway maintenance crews. 819 S.W.2d at 471. The appellee manufactured the sign, which malfunctioned and caused the appellant to stop his vehicle on the travelled portion of the road. *Id.* While appellant attempted to fix the sign, an oncoming vehicle, whose driver fell asleep, struck the sign, which in turn struck the appellant. *Id.* The appellant died as a result of the collision. The Court held, as a matter of law, that any defect in the sign was not the cause in fact because the appellant's injuries were too remotely connected with the appellee's conduct. *See id.* at 472.

Similarly, in *Bell,* when two cars collided, a trailer attached to one of them disengaged and overturned in a traffic lane. *Bell,* 434 S.W.2d at 119. Appellants, who gathered at the accident scene, were injured when a vehicle hit them as they attempted to remove the trailer from the road. *Id.* The Court held that the parties to the first accident were not the cause in fact of the appellants' injuries because their negligence merely created a condition which attracted the appellants to the accident scene, where they were injured by a third party. *Id.* at 122.

In the present case, the summary judgment proof shows that neither the Woerner flat-bed truck, nor appellee's roofing materials were involved in the accident. The Atlas truck initially impacted Green's car after both vehicles had passed the Woerner

truck. Moreover, unlike *Lear Siegler* and *Bell*, the Woerner truck, which appellants allege created a hazardous road condition, was *not* obstructing the roadway when the accident occurred. Harry Brown, the driver of the Atlas truck, testified that the Woerner truck was, at least, two feet from the roadway and that appellee's roofing materials were leaning away from the road. Brown further stated there was no activity around the Woerner truck that would have impeded traffic. Accordingly, we find the circumstances surrounding the accident were too remotely connected with appellee's conduct to constitute a cause in fact. *See Union Pump Co.*, 898 S.W.2d at 776; *Lear Siegler*, 819 S.W.2d at 472.

Even if appellee's conduct had been a cause in fact of Green's death, the foreseeability element of proximate cause was unsatisfied. The danger of injury is foreseeable if a person of ordinary intelligence would have anticipated the danger created by a negligent act or omission. *Doe*, 907 S.W.2d at 478; *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992). "Foreseeability requires more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury." *Doe*, 907 S.W.2d at 478.

In the present case, appellee's employees testified that by loading hot roofing materials, it was foreseeable that the materials could shift, which could cause (1) the truck driver to lose control of the truck; or (2) the materials to fall and obstruct the roadway. However, these dangers did not exist at the time of the accident because the Woerner truck was parked safely on the shoulder and the roofing materials were leaning away from the traffic. Moreover, we find the accident between the Atlas truck and Green's vehicle was so remotely related to appellee's alleged negligent loading of the roofing materials that no reasonable mind could have anticipated the result. Accordingly, because the summary judgment proof fails to raise a fact

issue concerning cause in fact and foreseeability, appellants sole point of error is overruled.[1]

---

1. Appellants also contend that summary judgment was improper because there was, at least, a fact issue about whether Green was comparatively negligent. However, because we found, as a matter of law, that appellee's conduct was not a proximate cause of the accident, Green's negligent conduct, if any, is irrelevant.