Reversed and Remanded and Memorandum Opinion filed August 9, 2007








Reversed and
Remanded and Memorandum
Opinion filed August 9, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00928-CV

____________

 

NOAH EUGENE HENDRIXSON, Appellant

 

V.

 

U-HAUL CO. OF HOUSTON, Appellee

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 2005-31730

 



 

M E M O R A N D U M    O P I N I O N

            
Appellant, Noah Eugene Hendrixson, appeals the granting of a no-evidence
summary judgment motion in favor of U-Haul Company of Houston on his negligence
and negligent misrepresentation claims.  In his sole issue, Hendrixson claims
the trial court erred in granting summary judgment because there are genuine
issues of material fact as to both claims.  We reverse the judgment of the
trial court and remand for further proceedings.








Background

Noah Hendrixson contacted U-Haul to rent a truck for
transporting a wrestling ring.  Based on the size descriptions given by
Hendrixson, the salesman told him the truck would be able to handle the ring. 
When Hendrixson picked up the truck, the salesman told him the truck was Aready to go.@  Hendrixson
signed the appropriate paperwork, including an agreement that required the
customer to inspect the equipment periodically and a program for additional
insurance coverage on the truck.  Hendrixson drove the truck to his residence
and parked it in the driveway.  After making a visual inspection of the engine
compartment and exterior of the truck, he crawled underneath the truck to check
for leaks from the oil and transmission reservoirs.  While under the truck, the
parking brake failed, and the truck rolled over Hendrixson, causing him serious
injury.

Hendrixson alleges U-Haul was negligent by not properly
maintaining the parking brake on the truck.  Additionally, he contends U-Haul
negligently misrepresented that the truck was Aready to go,@ and that his
reliance on the statement resulted in his injury.  U-Haul filed a motion for a
no-evidence summary judgment contending that Hendrixson could produce no
evidence to raise a genuine issue of material fact with regard to the elements
of duty, breach of duty, and causation with regards to his negligence claim, or
the reliance element of his negligent misrepresentation claim.  In support of
his response, Hendrixson submitted his deposition, and the depositions of
U-Haul representative Richard Holland and expert Thomas Grubbs.  The trial
court granted the no-evidence summary judgment motion in favor of U-Haul.

Standard of Review








In reviewing a no-evidence summary judgment, we ascertain
whether the nonmovant produced summary judgment evidence of such probative
force as to raise a genuine issue of fact as to the essential elements attacked
in the no-evidence motion.  Johnson v. Brewer & Pritchard, P.C., 73
S.W.3d 193, 206B08 (Tex. 2002).  A no-evidence summary
judgment is improperly granted when the respondent brings forth more than a
scintilla of probative evidence raising a genuine issue of material fact.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).  The evidence
amounts to more than a mere scintilla when it Arises to a level
that would enable reasonable and fair-minded people to differ in their
conclusions.@  Merrell Dow Pharms., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997).  Our review is de novo, taking the evidence in the
light most favorable to the nonmovant and disregarding all contrary evidence
and inferences.  Id.  When, as here, the trial court=s order does not
specify the grounds upon which it relied, we must affirm if any ground is
meritorious.  FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868,
872 (Tex. 2000).

Negligence

The elements of a negligence cause of action are duty,
breach of duty, and damages proximately caused by the breach of duty.  Doe
v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995). 
When analyzing a negligence claim, the threshold inquiry is duty.  Centeq
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).  U-Haul contends
that it does not have a duty to provide a safe working environment for
Hendrixson and that it did not assume a duty by giving Hendrixson permission to
undertake repairs on the truck.  U-Haul further alleges it was not foreseeable
that Hendrixson would crawl under the truck to inspect it.








The existence of a duty is a question of law for the court
to decide from the facts surrounding the occurrence.  Greater Houston
Transp., Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990).  In determining
if there is a duty, the court will consider several factors including the risk,
foreseeability, likelihood of injury weighed against the social utility of the
actor=s conduct, the
magnitude of the burden of guarding against the injury, and the consequences of
placing the burden on the defendant.  Id.  Foreseeability is the
dominant consideration.  Id.  Foreseeability requires more than someone
looking at the facts and postulating an extraordinary sequence of events
whereby the injury results from the defendant=s conduct.  Green
v. GS Roofing Prods. Co., 928 S.W.2d 265, 268 (Tex. App.CHouston [14th
Dist.] 1996, no writ).

The attendant standard of conduct may be determined by
statute.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 549 (Tex.
1985).  Under the Texas Transportation Code, a vehicle of the type rented by
U-Haul is required to have parking brakes adequate to hold a vehicle on any
grade on which the vehicle is operated and under all loading conditions.  Tex. Transp. Code Ann. ' 547.404(a)(1)B(2) (Vernon 1999). 
The trucks U-Haul leases are required to have an operational parking brake. 
Therefore, the statute serves as a guideline for minimum conduct by U-Haul when
renting its trucks.

Reviewing the evidence in the light most favorable to
Hendrixson, we find more than a scintilla of evidence to support the duty and
breach prongs of negligence.  The parking brake on Hendrixson=s rental truck
failed.  This fell below the standard of conduct required of U-Haul.  The risk
and burden of imposing the duty on U-Haul is slight because U-Haul is the party
responsible for maintenance on the trucks.  There is little consequence of
placing the burden on U-Haul because of the existing Transportation Code
requirement.

Moreover, it is not unreasonable to assume when a person
rents a truck, he expects the truck to be safe and well-maintained with working
brakes.  Even U-Haul=s own representative, Richard Holland,
stated that he would want a safely maintained truck to rent as a customer and
it would not surprise him if U-Haul customers wanted to rent a properly
maintained truck.  U-Haul, therefore, had a duty to Hendrixson to provide a
safe truck and breached its duty by failing to provide Hendrixson a truck with
a functional parking brake.








Proximate cause requires proof of cause-in-fact and
foreseeability.  W. Invs., Inc. v. Urena, 162 S.W.3d 547, 551 (Tex.
2005).  These elements cannot be established by mere conjecture, guess, or speculation. 
Id.  Cause-in-fact is established when the act or omission was a
substantial factor in bringing about the injuries, and without it, harm would
not have occurred.  Id.  If the defendant=s negligence
merely furnished a condition that made the injuries possible, there can be no
cause-in-fact.  Id.  Similarly, even if the injury would not have
occurred but for the defendant=s conduct, it may be too attenuated from
the resulting injuries to be a substantial factor in bringing about the harm.  IHS
Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 799
(Tex. 2004). 

U-Haul contends that it played no role in Hendrixson=s climbing under
the truck and, it had no control over his actions.  Furthermore, U-Haul claims
the connection between the renting of the truck and Hendrixson crawling under
it was too attenuated.  See Pinkerton=s v. Manriquez, 964 S.W.2d 39
(Tex. App.CHouston [14th Dist.] 1997, pet. denied) (holding that
merely providing a condition for the injury is not a substantial factor or
cause-in-fact).  In Pinkerton=s, Manriquez, a
building maintenance employee, was injured when he was ordered by an employee
of Pinkerton=s, the on-site security provider, to help move a car
that was blocking a ramp.  Id at 42.  The car owner and Manriquez
decided to push the stalled car up the ramp.  Id at 43.  The car rolled
backwards and injured Manriquez.  Id.  U-Haul claims this situation is
analogous to Pinkerton=s because the
faulty parking brake merely provided a condition for the injury and was not a
substantial factor as to the injury.  However, U-Haul had a role in Hendrixson=s presence under
the truck because, according to its own contract, it required customers to
inspect the truck.








Clause Nine of U-Haul=s contract clearly
states that a A[c]ustomer promises to inspect the equipment
periodically and not operate the equipment when oil pressure/level is low or
when any defect in the operation of the equipment has been noticed.@  Moreover, the
contract for the additional insurance coverage Hendrixson purchased on the truck
stated A[d]amage that
results from the failure to comply with the terms of the rental contract@ is not covered. 
If the wording of a contract is unambiguous, the court will construe it as a
matter of law.  Enterprise Leasing Co. of Houston v. Barrios, 156 S.W.3d
547, 549 (Tex. 2004).  U-Haul contends it did not instruct Hendrixson on how to
inspect the truck.  This lack of control over Hendrixson=s actions does not
eliminate causation.  Hendrixson was fulfilling his contractual obligations to
U-Haul.  Thus, one can envision Hendrixson=s performing his
inspection of the truck and being injured by the parking brake failure.  The
parking brake failure, therefore, was a substantial factor in Hendrixson=s injuries and is
the cause-in-fact.  

To establish the parking brake was the proximate cause of
his injuries, Hendrixson must establish the injury was foreseeable. 
Foreseeability in determining proximate cause, as opposed to duty, is generally
a question of fact.  McIntosh v. NationsBank, 963 S.W.2d 545, 548 n.10
(Tex. App.CHouston [14th Dist.] 1997, pet. denied).  Although
generally a question of fact, foreseeability might become a question of law
when the evidence is without material dispute and where only one reasonable
inference may be drawn.  Ambrosio v. Carter=s Shooting Center,
Inc.,
20 S.W.3d 262, 266 (Tex. App.CHouston [14th Dist.] 2000, pet. denied). 
As was the case with foreseeability when determining duty, it requires more
than someone looking at the facts and postulating an extraordinary sequence of
events whereby the injury results from the defendant=s conduct.  Green,
928 S.W.2d at 268.  U-Haul contends that reasonable minds could not differ on
the evidence presented, and that foreseeability is lacking as a matter of law.

Foreseeability requires that a person of ordinary
intelligence would have anticipated the danger created by a negligent act or
omission, although it is not required that such a person would anticipate the
precise manner in which injury will occur once he has created a dangerous
situation through his negligence.  Read v. Scott Fetzer Co., 990 S.W.2d
732, 737 (Tex. 1998).  Thus, at the time Hendrixson rented the truck, U-Haul
did not have to specifically foresee that Hendrixson would crawl under the
truck to complete the inspection.  U-Haul only had to anticipate the danger,
which in this case would be an injury sustained by a person due to the failure
of the parking brake.  It does not require theorizing an extraordinary sequence
of events to conclude it is foreseeable that a person could be injured by a
truck that would roll after the parking brake failed. 








U-haul=s contractual requirements make it
reasonable to find that Hendrixson=s actions were
foreseeable.  Hendrixson=s methods of inspection were based on
methods he acquired while working in the moving industry.  One method of
searching for leaks would be to crawl under the vehicle.  U-Haul had a duty to
maintain the parking brakes, and we find reasonable minds could differ on the
evidence regarding whether Hendrixson=s injury was
forseeable and the breach of U-Haul=s duty was a
proximate cause of appellant=s injury.

Negligent Misrepresentation

We turn now to the issue of negligent misrepresentation and
Hendrixson=s alleged reliance on the statement made by the U-Haul
salesman.  The elements of a negligent misrepresentation claim are: (1) the
defendant=s making a representation in the course of its
business, or in a transaction in which it has a pecuniary interest; (2) the
defendant=s supplying Afalse information@ for the guidance
of others in their business; (3) the defendant=s failing to
exercise reasonable care or competence in obtaining or communicating the
information; and (4) the plaintiff=s suffering
pecuniary loss by justifiably relying on the representation.  Allied Vista,
Inc. v. Holt, 987 S.W.2d 138, 141 (Tex. App.CHouston [14th
Dist.] 1999, pet. denied).  Under the Texas Rules of Civil Procedure, a
no-evidence summary judgment motion must state the elements as to which there
is no evidence.  Tex. R. Civ. P. 166a(i). 
U-Haul maintained that Hendrixson did not rely on the statement of its
employee.  Therefore, reliance is the only element challenged in the motion.

The plaintiff=s reliance must be
reasonable and justified.  Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420,
436 (Tex. 1997).  Hendrixson testified he did not inspect the truck on-site
because the U-Haul salesman told him that it was Aready to go.@  Hendrixson
contends the inspection of the truck in his driveway fulfilled his contractual
obligation.  The fact Hendrixson drove away after being told the truck was Aready to go,@ and his stating
in his affidavit that he relied on the statement, may be construed as some
evidence of reliance, raising a material fact issue.








After reviewing the summary judgment evidence, we find
there is a genuine issue of material fact concerning the claims advanced by
Hendrixson and, thus, summary judgment is inappropriate.  Accordingly, we
sustain Hendrixson=s point of error and reverse the judgment
of the trial court and remand for further proceedings.

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 9, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.