

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00115-CV

IN RE: IN THE INTEREST OF M.C.W., A CHILD

May 16, 2013

## OPINION ON ORIGINAL PROCEEDING

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court is the petition of Tammie Imel for a writ of mandamus. Through it, she asks us to review the order of the Hon. Abe Lopez, 140th District Court of Lubbock County, Texas, temporarily modifying various terms and conditions of a child custody or possession decree. Allegedly, the evidence presented at the hearing from which the order emanated is insufficient to satisfy the statutory requirements permitting the modification. *See* TEX. FAM. CODE ANN. § 156.006(b) (West Supp. 2012) (specifying the elements authorizing modification of an order appointing the parent having the exclusive right to designate the primary residence of the child). So, "[b]ased on the absence of evidence to meet the criteria required for the applicable statute, the Relator respectfully requests [this] Court to find that the trial court abused [its] discretion by fail[ing] to apply the facts to the applicable law correctly in this case, and that this Court

order the trial court to dissolve and vacate the Temporary Orders entered in this proceeding." We deny the petition.

"'It is well established Texas law that an appellate court may not deal with disputed areas of fact in an original mandamus proceeding.'" *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding); *In re Thorpe*, No. 07-10-00341-CV, 2010 Tex. App. LEXIS 7681, at *3-4 (Tex. App.–Amarillo 2010, orig. proceeding) (stating that an appellate court cannot resolve questions of fact in a mandamus proceeding). The petition at bar effectively asks us to violate the aforementioned restrictions. Its tenor is in the nature of an attack upon the sufficiency of the evidence underlying the trial court's finding regarding changed circumstances and the best interests of the child. And, while the relator suggests otherwise, there is evidence which a rational factfinder could interpret as satisfying those requirements. That evidence includes the child's changing residences and schools many times within a few short years, the child's excessive absences from school, the relator's use of alcohol or other intoxicating substances, and the child's need for, but loss of, stability. *See In the Interest of C.M.G.,* 339 S.W.3d 317, 321 (Tex. App.–Amarillo 2011, no pet.) (holding that stability is important to a child's well-being).

In short, the heart of the matter before us involves 1) a disagreement about the quantum of weight that should be assigned to different aspects of the evidence presented below, and 2) the credibility of witnesses. Resolution of those matters lay with the trial court. Our authority to act via a petition for mandamus relief, therefore, is non-existent. We also deny the motion for temporary relief as moot.

Per Curiam

2