**Dissenting Opinion Filed March 29, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00147-CV

### IN RE LEONEL MOLINA, Relator

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-05498-A**

## DISSENTING OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Dissenting Opinion by Justice Partida-Kipness

The sole issue before this Court is whether the trial court abused its discretion by determining that Molina failed to present a scintilla of evidence to support the responsible third party designation of Shabi. I respectfully dissent because I disagree with the majority's conclusion that the evidence was sufficient to raise a genuine issue of material fact as to whether Shabi's conduct proximately caused the accident and Ware's injuries.

Molina and the majority cite the following testimony from Officer Amos as evidence of proximate causation:

Q. And it's your opinion, as you sit here today, that the Volvo [Shabi's vehicle] caused this wreck?

[Objection omitted.]

A. I believe that, yes, because of what the Volvo did, I believe that the van in the center lane [Molina's vehicle] began to slow down. Unit No. 2 [Villalta's truck] struck the rear of him because he couldn't tell what was going on and got tangled up with [Ware's] truck in the right lane.

This testimony sheds no light on whether Shabi's actions proximately caused Ware's injuries. Amos's opinion provides some evidence that Shabi's actions caused Molina to slow down. It also provides Amos's speculation that Villalta struck Molina because Villalta could not "tell what was going on" and became entangled with Ware's truck. But Amos's testimony is no evidence that Shabi's actions caused Villalta to strike Molina and Ware. At most, Amos's testimony shows that Shabi's actions furnished a condition that made the accident occur and the injuries possible. Such conclusions are not evidence of cause in fact. *See, e.g.*, *Ham v. Equity Residential Prop. Mgmt. Servs., Corp.*, 315 S.W.3d 627, 631–32 (Tex. App.—Dallas 2010, pet. denied) (expert's conclusory statements that injury would not have occurred but for appellee's negligence was no evidence of cause in fact); *see also In re Transit Mix Concrete & Materials Co.*, No. 12-13-00364-CV, 2014 WL 1922724, at *6 (Tex. App.—Tyler May 14, 2014, orig. proceeding) (mem. op.) (striking designation of general contractor was not an abuse of discretion because evidence the general contractor was in charge of work site safety constituted no evidence the company breached a duty owed to claimant or that such breach contributed to claimant's harm).

Further, Molina testified that he did not believe that Shabi's actions caused the accident because Molina "had plenty of time to react and avoid" a collision. Molina presented no evidence that Villalta or Ware saw Shabi or in any way reacted to Shabi's actions. Under this record, I would conclude that the evidence established as a matter of law that Shabi's initial negligence was not a cause-in-fact of the accident or of Ware's injuries because Molina avoided Shabi's vehicle and Shabi's actions no longer actively contributed to the subsequent injuries. *See, e.g.*, *Bell v. Campbell*, 434 S.W.2d 117, 122 (Tex. 1968) (parties to the first accident were not the cause in fact of the appellants' injuries because their negligence merely created a condition); *Green v. GS Roofing Prods. Co.*, 928 S.W.2d 265, 267–68 (Tex. App.—Houston [14th Dist.] 1996, no writ) (disabled truck on shoulder was not cause-in-fact of subsequent accident where truck was not

obstructing the roadway when accident occurred and claimant slowed down and avoided contact with the disabled truck prior to subsequent accident). Indeed, the trial judge was persuaded by Molina's testimony, asking how Shabi could be a responsible third party when even Molina stated that Shabi's actions were not a factor in causing the accident.

I also disagree with the majority's application of a de novo standard to its review of the trial court's decision to strike the designation. Once a motion to strike is filed, the trial court "shall grant" the motion "unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(l). Under this standard, a defendant has the burden to produce sufficient evidence—that is, more than a scintilla of evidence—for a reasonable jury to hold the third party responsible for at least a portion of the plaintiff's injury or damage. *See In re Transit Mix Concrete & Materials Co*., 2014 WL 1922724, at *3. Whether the proof establishes as a matter of law that there is no genuine issue of fact is a question of law reviewed de novo. *Flack v. Hanke*, 334 S.W.3d 251, 261 (Tex. App.—San Antonio 2010, pet. denied). Although this standard is akin to the review of a no evidence motion for summary judgment ruling in a direct appeal, this proceeding is not a direct appeal. It is an original proceeding seeking an extraordinary writ of mandamus. I believe the procedural posture of this case must be taken into consideration when applying the de novo standard. "It is well established Texas law that an appellate court may not deal with disputed areas of fact in an original mandamus proceeding." *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding) (quoting *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990)); *In re M.C.W.*, 401 S.W.3d 906, 906–07 (Tex. App.—Amarillo 2013, orig. proceeding) (per curiam). Under an abuse of discretion standard, "close calls must go to the trial court." *Baylor Univ. Med. Ctr. v. Biggs*, 237 S.W.3d 909, 916 (Tex. App.—Dallas 2007, pet. denied). The authorities cited by the majority are not in the context of an original

–3–

proceeding and do not address how these mandamus standards impact our review on mandamus of orders striking a designation. As a result, the majority impermissibly substitutes its judgment for that of the trial court.

Under this record, I would deny the petition for writ of mandamus because Amos's testimony did not constitute evidence that Shabi's actions were a cause in fact of Ware's injuries. As such, the trial judge did not abuse her discretion by striking the designation. Alternatively, this is a close call that should go to the trial court, not be overturned through issuance of an extraordinary writ.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

190147DF.P05