**Opinion filed October 14, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00227-CV

_____

## IN RE UGOCHUKWU ADA ODO

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

In this case, the underlying proceeding is a modification of the parent-child relationship, which was initiated by Real Party in Interest, Chika Ezeugwu. In her petition for writ of mandamus, Relator, Ugochukwu Ada Odo, requests us to review the supplemental temporary orders signed on September 8, 2021, by the Honorable Paul R. Rotenberry, Presiding Judge of the 326th District Court of Taylor County, that, in part, named Real Party in Interest as the person with the right to designate the primary residence of the parties' child, K.E. Relator contends that Judge Rotenberry abused his discretion when he issued the supplemental temporary orders without sufficient evidence that the present circumstances would significantly

impair K.E.'s physical health or emotional development. *See* TEX. FAM. CODE ANN. § 156.006(b)(1) (West Supp. 2020). We deny the petition for writ of mandamus.

"[M]andamus is an 'extraordinary remedy, not issued as a matter of right, but at the discretion of the court.'" *In re Reece*, 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding)). To obtain relief by mandamus, a relator must establish a clear abuse of discretion by the trial court and that no adequate appellate remedy exists. *In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (orig. proceeding); *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 56 (Tex. 2019) (orig. proceeding). A trial court abuses its discretion when its ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). "Similarly, a trial court abuses its discretion when it fails to analyze or apply the law correctly." *Id.*; *see also In re Geomet Recycling LLC*, 578 S.W.3d 82, 91 (Tex. 2019) (orig. proceeding).

"It is well established Texas law that an appellate court may not deal with disputed areas of fact in an original mandamus proceeding." *In re Walton*, No. 11-16-00230-CV, 2017 WL 922418, at *1 (Tex. App.—Eastland Feb. 28, 2017, orig. proceeding) (mem. op.) (quoting *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding)). In other words, in a mandamus proceeding we "may not legitimately reconcile disputed factual matters." *Id.* (citing *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 60 (Tex. 1991) (orig. proceeding)); *see also Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) ("With respect to resolution of factual issues . . . the reviewing court may not substitute its judgment for that of the trial court."). Because weighing evidence is a trial court function, mandamus will not lie if the record contains legally sufficient evidence both against and in support of the trial court's decision. *In re Walton*, 2017 WL 922418, at *1;

*see also In re Morehead*, No. 06-21-00052-CV, 2021 WL 3669607, at \*2 (Tex. App.—Texarkana Aug. 17, 2021, orig. proceeding) (mem. op.) (denying petition for writ of mandamus because there was conflicting evidence on the issue of whether the child's present circumstances would significantly impair his physical health or emotional development and the trial court was free to resolve that conflict in favor of the real party in interest).

While a suit for modification is pending, a trial court may not render temporary orders changing the person with the exclusive right to designate the primary residence of a child unless the change is in the child's best interest and, as relevant here, "the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development." FAM. § 156.006(b)(1). The "significant impairment" standard is a high one and requires evidence of a parent's bad acts beyond a violation of a divorce decree or attempts to alienate the child from the other parent. *In re Bird*, No. 03-20-00222-CV, 2020 WL 7063583, at \*3 (Tex. App.—Austin Dec. 3, 2020, orig. proceeding [mand. denied]) (mem. op.). Relator argues that, at most, the evidence established alienation of K.E. from Real Party in Interest and that K.E. was struggling with behavioral problems and that Judge Rotenberry abused his discretion when he found that this evidence was sufficient to establish the significant impairment required by Section 156.006(b)(1). However, as discussed below, when the disputed evidence is resolved in favor of Real Party in Interest, there is sufficient evidence that a rational factfinder could interpret as satisfying the statutory requirement. *See* FAM. § 156.006(b)(1).

The evidence was disputed as to why Real Party in Interest had limited involvement in K.E.'s life, but it was undisputed that Relator had been K.E.'s primary caretaker. K.E. had behavioral problems in school beginning in at least second grade. However, when K.E. was in fifth grade in the 2020-2021 school year,

his behavior escalated to the point that, in the opinion of his principal, he was a liability to the school.

Even though Relator was informed of K.E.'s behavior, she did not believe that some of the events actually occurred and did not seek assistance from any medical or mental health provider to address K.E.'s behavior. To avoid K.E. being expelled, Relator withdrew K.E. from school in April, shortly before the end of the school year. Pursuant to an order issued by the associate judge in the modification proceedings, Relator then sought psychological testing and counseling for K.E.

Relator enrolled K.E. in a summer camp that K.E. had attended the previous year. Relator knew that K.E. had been bullied at the camp the previous summer and discussed the camp with K.E.'s counselor before she allowed K.E. to attend. K.E. was again subjected to bullying at the camp and ultimately prepared an "Enemy List/Mean People" with a detailed plan of how he would "DESTROY" those children. Police officers came to Relator's house and interviewed K.E., and K.E. was not allowed to return to the camp.

K.E.'s counselor testified that the list prepared by K.E. was a "very serious issue" and "very concerning." According to K.E.'s counselor, being questioned by the police and being bullied could have a significant effect on K.E.'s emotional health and was "going to cause problems," emotionally. The situation could also impact K.E.'s physical health because he might become stressed and have some anxiety. Finally, the combination of K.E's behaviors and Relator's lack of control over K.E. could affect (1) K.E.'s physical health through increased stress and (2) K.E.'s emotional development if, through his behavior, K.E. was catering to Relator's desires and needs. The amicus attorney appointed by the court indicated that she agreed with the associate judge's recommendation that Real Party in Interest be given the right to designate K.E.'s primary residence.

4

Having reviewed the record, and recognizing that Judge Rotenberry was free to resolve the conflicting evidence in Real Party in Interest's favor, we conclude that there was a sufficient basis from which Judge Rotenberry could have concluded that a temporary change of the right to designate K.E.'s primary residence was necessary because the present circumstances would significantly impair K.E.'s physical health or emotional development.  *See In re Walton*, 2017 WL 922418, at \*2 (declining to grant mandamus relief on complaint that there was insufficient evidence to meet the standards of Section 156.006(b)(1) because the resolution of disagreements about the weight to be assigned to evidence and the credibility of the witnesses lay with the trial court); *In re M.C.W.*, 401 S.W.3d 906, 907 (Tex. App.—Amarillo 2013, orig. proceeding) (per curiam).

We deny Relator's petition for writ of mandamus.

PER CURIAM

October 14, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.