Ray GORE, Appellant

v.

Candy GORE, Appellee.

No. 09–07–024 CV.

Court of Appeals of Texas, Beaumont.

Submitted July 23, 2007.

Decided Sept. 6, 2007.

Kenneth R. Chambers, Chambers, Templeton, Cashiola & Thomas, Houston, for appellant.

Richard J. Clarkson, Beaumont, for appellee.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

This is a suit filed by a motor vehicle passenger against the driver for personal injuries arising from a single vehicle accident. Ray Gore lost control of the vehicle while driving in a heavy rainstorm on the Interstate 10 bridge over the San Jacinto River. The defendant did not personally appear at the jury trial, but appeared through counsel. At the close of evidence, the trial court directed a verdict on liability for the plaintiff, Candy Gore, and submitted only damages to the jury. The jury returned a verdict of $6,000 for physical pain and mental anguish sustained in the past, awarded nothing for future physical pain and mental anguish, awarded $42,000 for physical impairment in the past, and $125,000 for physical impairment in the future. When the jury returned a verdict that stated "actual damages" on the space provided for medical expenses, the trial court supplied its own finding of $8,279.69. In three issues, Ray Gore challenges the directed verdict, the legal and factual sufficiency of the evidence supporting the jury's awards for past and future impairment, and contends the trial court erred in supplying its own finding of medical expenses to complete the jury's incomplete verdict. We reverse and remand.

■ Candy contends that Ray failed to preserve for appeal an issue on the granting of Candy's motion for directed verdict by objecting when the trial court submitted a charge to the jury on damages alone. An objection is sufficient if the complaining party sought a ruling with sufficient clarity to make the trial court aware of the complaint. Tex.R.App. P. 33.1(a). In this case, it was Candy who moved for a directed verdict. "[A] party has no obligation to respond at all to a motion for directed verdict." *Sibai v. Wal–Mart, Stores, Inc.*, 986 S.W.2d 702, 708 (Tex. App.-Dallas 1999, no pet.). Nonetheless, Ray did argue against granting the directed verdict, thus apprising the trial court that he did not want the trial court to grant Candy's motion. Furthermore, although a post-verdict motion is not a prerequisite for an appellate challenge to the granting of a directed verdict, Ray's motion to disregard the jury's and the judge's findings also complained about the omission of a negligence question from the jury charge. *See Field v. AIM Mgmt. Group, Inc.*, 845 S.W.2d 469, 473 (Tex.App.-Houston [14th Dist.] 1993, no writ). We hold the issue is subject to appellate review.

■ "[T]he plaintiff is entitled to a directed verdict when reasonable minds can draw only one conclusion from the evidence. The task of an appellate court in such a case is to determine whether there is any evidence of probative force to raise fact issues on the material questions presented." *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978). "When reviewing a directed verdict, an appellate court must credit the favorable evidence if reasonable jurors could and disregard the contrary evidence unless reasonable jurors could not." *Byrd v. Delasancha*, 195 S.W.3d 834, 836 (Tex.App.-Dallas 2006, no pet.). If there is any evidence of probative force to raise a fact issue on the question presented, the trial court errs in directing the verdict. *Id.* at 837.

Candy testified that it was raining heavily and she had asked Ray to slow down once or twice because "he wasn't driving safe enough for me." When they entered the freeway the vehicle "fishtailed" and she told Ray to "watch it." The accident occurred approximately eight exits later. While they were on the bridge, "he'd started fishtailing ... we hit the wall on the left side; we hit it twice. And then after we hit the wall the second time he started spinning backwards across the freeway, and we ended up hitting the wall on the right side, rear end up." There is no evidence showing how fast they were driving at the time of the accident. There is no evidence regarding why Ray lost control of the vehicle at the moment he did, such as whether the vehicle lost traction due to water on the road or because the wheel struck an obstacle or excavation in the road.

■■■ Candy contends the evidence establishes negligence *per se* because she pled that Ray violated Sections 545.060 and 545.351 of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 545.060 (Vernon 1999)(Driving on Roadway Laned for Traffic); TEX. TRANSP. CODE ANN. § 545.351 (Vernon 1999)(Maximum Speed Requirement). As authority, she relies upon a case that held "[w]hen a defendant is alleged to be negligent as a matter of law because of the violation of a statute and a statutory violation is proven, the defendant's negligence is not at issue unless evidence of excuse is presented." *Murray v. O & A Exp., Inc.*, 630 S.W.2d 633, 636 (Tex.1982). Having obtained a directed verdict on the issue of liability, the evidence must conclusively establish a statutory violation in order to support the judgment. The statutes on which she relies both incorporate the ordinary negligence standard. *See* TEX. TRANSP. CODE ANN. § 545.060(a)(1), (2) ("An operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane *unless that movement can be made safely.*") (emphasis added); TEX. TRANSP. CODE ANN. § 545.351(a) ("An operator may not drive at a speed greater than is *reasonable and prudent* under the circumstances then existing.") (emphasis added). "[A] statute that requires a driver proceed *safely* imposes on the driver a duty of reasonable care, thus precluding a negligence *per se* instruction." *Louisiana–Pacific Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex.1998); *see also Pool v. Ford Motor Co.*, 715 S.W.2d 629, 631–32 (Tex.1986)(court of appeals erred in holding negligence *per se* applied to speeding under former Article 6701d, § 166); *Borden, Inc. v. Price*, 939 S.W.2d 247, 251 (Tex.App.-Amarillo 1997, writ denied)(trial court erred in instructing the jury on negligence *per se* for failing to maintain lane under former Article 6701d, § 60a). To be sufficient to uphold the directed verdict, the evidence must conclusively establish that Ray was not driving with ordinary care.

The fact that Ray lost control of the vehicle and struck the wall is probative evidence that he was not driving safely but does not conclusively establish that he was driving unsafely. The jury heard that it was raining heavily; although Candy testified that she asked Ray to slow down, she did not testify that he continued at his initial speed. Candy stated that before the accident "we'd hit a water spot or something and he'd kind of fishtailed then but we kind of—it wasn't really like a joke or nothing but I had told him, you know, that was kind of [a] weird feeling." A rational jury could find that the plaintiff failed to prove that the speed of the vehicle caused the accident. A rational jury could also find that Ray failed to maintain a single lane because the vehicle lost trac-

tion when it hit water on the road, not because Ray failed to exercise ordinary care while driving on the highway during a rainstorm.

Candy argues that *Collora v. Navarro* supports her claim that Ray's silence at trial justifies a directed verdict. *See Collora*, 574 S.W.2d at 68–69. In that case, the Supreme Court held that the intermediate appellate court erred in resorting to an "automatic test for applying the rule, that being whether or not it is possible to contradict the testimony of the interested witness." *Id.* at 69. "When all of the evidence points only to the truthfulness of the witness, a directed verdict cannot automatically be rejected solely because the witness' testimony cannot be contradicted." *Id.* at 70. The Supreme Court noted that there are cases "where the credibility of an interested witness or party is so suspect that it must go to the jury, even though the testimony is uncontradicted[,]" and other cases "where the testimony of the witness is so clear that the jury should not be allowed to speculate as to his veracity"[,] with a broad spectrum of possibilities in between. *Id.* at 69. In *Collora v. Navarro*, the plaintiff's clear and unequivocal testimony of an express agreement to establish a common law marriage supported the trial court's directed verdict for the plaintiff. *Id.* Recognizing that the evidence had to be assessed on a case-by-case basis, the Supreme Court noted that the opposing party did not avail himself of the opportunity to cross-examine the plaintiff and the undisputed proof of cohabitation and holding out to the public corroborated the plaintiff's testimony regarding the existence of an express agreement. *Id.* at 70.

The facts of this case are not nearly as compelling as those present in *Collora v. Navarro*. Candy provided very little detail in her testimony. Although Ray did not cross-examine Candy about the details of the accident, Candy's testimony on direct is not otherwise clear and unequivocal as regards to the cause of the accident. She did not describe Ray's actions at the moment of the accident, state the speed of the vehicle at any time, or describe any corrective or evasive action that Ray could have implemented to avoid the accident. Other than the fact that a single-vehicle accident occurred in which the vehicle Ray was driving struck both sides of the bridge, Candy's opinion that Ray was driving too fast is completely uncorroborated. The mere fact that Ray lost control of the vehicle does not conclusively establish that he was not exercising ordinary care. We hold the trial court erred in directing a verdict for the plaintiff. We sustain issue one.

■ The remaining issues relate to the amount of damages awarded in the judgment. Because we sustain the appellant's issue regarding liability, the entire judgment must be reversed and a new trial ordered. Remand for a new trial is appropriate where no evidence supports the entire amount of damages awarded but there is sufficient evidence of some damages. *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 51 (Tex.1998). Therefore, Ray would receive no greater relief were we to address the remaining issues. Therefore, we decline to address issues two and three.

We reverse the judgment and remand the case to the trial court for a new trial.

REVERSED AND REMANDED.