**Opinion filed February 21, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00017-CV

_____

## CRAIG HOFFMAN ET AL., Appellants
## V.
## AMY CATHERINE WRIGHT, Appellee

**On Appeal from the Probate Court No. 1**
**Travis County, Texas**
**Trial Court Cause No. C-1-PB-08-011659**

## M E M O R A N D U M   O P I N I O N

This appeal involves wrongful death claims made by Craig and Lydia Hoffman that arose in connection with the death of their daughter, Lauren, age seventeen. It also involves wrongful death claims brought by Lester and Ellen Ducote for the wrongful death of their daughter, Audrey, age sixteen. Lauren and Audrey both died from injuries received in the same vehicle collision. The trial court granted a summary judgment in favor of Amy Catherine Wright, the driver of the vehicle in which Lauren and Audrey were passengers. This appeal is from that ruling. We affirm.

I. *Background Facts and Procedural History*

Lauren, Audrey, Wright, Wright's stepdaughter, and one other passenger traveled west on State Highway 71 near Bee Cave Road in Wright's sedan. Tammy Goodman was the driver of a pickup and traveled east on the same rain-swept road. About a mile west of the Bee Cave Road intersection, Goodman's pickup lost traction, and she lost control of her pickup. It "fishtailed" across traffic lanes. Goodman's pickup slid across the descending roadway into the westbound lanes and oncoming traffic. Her pickup collided with Wright's sedan in the right outside lane as the sedan traveled westbound. Everyone in Wright's sedan sustained serious injuries; Lauren and Audrey died at the scene.

The summary judgment evidence showed that Lauren was wearing her seat belt and that she was either seated in the middle or right rear seat at the time of the collision. She sustained various injuries, including blunt force trauma to her head. Testimony revealed that Audrey may have been in the left rear or middle rear seat and showed that she also sustained injuries, including blunt force trauma to her head. Both Lauren and Audrey died from their blunt force trauma injuries. The evidence did not indicate that Audrey was wearing her seat belt.

Audrey's parents filed a wrongful death suit against Goodman and other defendants and later added Wright as an additional defendant. Lauren's parents filed a separate wrongful death suit against Goodman and Wright and other defendants. Wright moved for summary judgment as a matter of law that she owed no duty and that Appellants had no evidence that her actions were a breach of a duty that proximately caused Lauren's and Audrey's deaths.

Lauren's and Audrey's parents filed a unified response and argued that Wright had both a statutory duty under Section 545.413(b) of the Texas

2

Transportation Code[1] to ensure that her passengers under the age of seventeen were seat belted and a duty under Section 545.351 of the same Code[2] to control her speed, as well as a common-law duty of reasonable care to avoid the accident. The trial court heard Wright's no-evidence motion for summary judgment, granted it, and entered an order consolidating Appellants' suits under one cause number. The trial court then severed its summary judgment order in favor of Wright in the consolidated cases into a separate case. That summary judgment is the subject of this appeal.

Appellants argued that they presented summary judgment evidence that raised a material fact question on both breach and proximate cause. Appellants included, as evidence, deposition excerpts of Wright; Trooper Ricardo Lomas, who investigated the accident; and Daphne Kay Thomas, a witness to the accident. Appellants included an affidavit from another witness, Leland Shane Floyd. Appellants also submitted the death certificates, the autopsy and postmortem reports for Lauren and Audrey, and the accident reports from the Texas Department of Public Safety and the Travis County Sheriff's Department.

## II. *Issue Presented*

Appellants assert that they presented more than a scintilla of evidence of Wright's failure to ensure that Audrey wore her seat belt. Appellants claim Wright's actions constituted negligence per se under Section 545.413(b) of the Texas Transportation Code. Appellants also claimed Wright's failure to control her speed, brake properly, or swerve to avoid the accident was a breach of her duty of reasonable care under common law. Appellants further assert that her failure to control her speed was a violation of Section 545.351 of the Texas Transportation

---

[1]TEX. TRANSP. CODE ANN. § 545.413(b) (West Supp. 2013).

[2]*Id.* § 545.351 (West 2011).

3

Code. Appellants contend Wright's actions proximately caused their daughters' deaths.

### III. *Standard of Review*

The summary judgment order of the trial court does not specify the grounds upon which the trial court relied. When a trial court's order granting summary judgment does not specify the ground or grounds relied upon for its ruling, summary judgment will be affirmed on appeal if any of the summary judgment grounds advanced by the movant are meritorious. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004); *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

A trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact. TEX. R. CIV. P. 166a(i); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). We review the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

Both direct and circumstantial evidence may establish any material fact. *Lozano v. Lozano*, 52 S.W.3d 141, 149 (Tex. 2001); *Browning-Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex. 1993). A plaintiff produces more than a scintilla of evidence if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co.*, 135 S.W.3d at 601 (quoting *Havner*, 953 S.W.2d at 711, and *Burroughs Wellcome Co. v.*

4

*Crye*, 907 S.W.2d 497, 499 (Tex. 1995)); *see Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000).

But to raise a genuine issue of material fact, the evidence must transcend mere suspicion. *Ford Motor Co.*, 135 S.W.3d at 601. If the evidence offered to prove a vital fact does nothing more "than create a mere surmise or suspicion of its existence, then the evidence is no more than a scintilla and, in legal effect, is no evidence." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). Evidence that is so slight as to make any inference a guess is no evidence. *Id.* (citing *Lozano*, 52 S.W.3d at 148, and *Browning-Ferris*, 865 S.W.2d at 928).

## IV. *Discussion and Analysis*

Automobile drivers have a common-law duty to exercise ordinary care as would a reasonably prudent motorist acting under the same or similar circumstances. *Hatcher v. Mewbourn*, 457 S.W.2d 151, 152 (Tex. Civ. App.—Texarkana 1970, writ ref'd n.r.e.). Appellants argue that Section 545.413(b) created a statutory duty upon the driver of a vehicle to ensure that passengers under the age of seventeen wear seat belts and that a violation of this statute constitutes negligence per se. Appellants also argue that Section 545.351 created a statutory duty for Wright to drive at a safe speed under the conditions presented.

If we assume, without deciding, that Wright had a duty under Section 545.413(b) in addition to a common-law duty of reasonable care[3] and if we further assume, without deciding, that Wright breached either one of those duties, then the question that remains for consideration is the following: Did Appellants present competent summary judgment evidence to raise an issue of material fact as

---

[3]Because Section 545.351 outlines a reasonable-person standard, it does not support a negligence per se cause of action. "[A] statute that requires a driver proceed *safely* imposes on the driver a duty of reasonable care, thus precluding a negligence *per se* instruction." *Gore v. Gore*, 233 S.W.3d 911, 913 (Tex. App.—Beaumont 2007, pet. denied) (quoting *La.-Pac. Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex. 1998)).

to whether Wright's actions proximately caused Lauren's and Audrey's deaths? As we explain below, we hold they did not.

The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Proximate cause is generally a question of fact for the jury, but proximate cause may be established as a matter of law if the circumstances are such that reasonable minds could not arrive at a different conclusion. *Boyd v. Fuel Distribs., Inc.*, 795 S.W.2d 266, 272 (Tex. App.—Austin 1990, writ denied) (citing *Mo. Pac. R.R. Co. v. Am. Statesman*, 552 S.W.2d 99, 104–05 (Tex. 1977)). The two elements of proximate cause are "cause in fact" and "foreseeability." *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004) (citing *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992)).

"Cause in fact" means that the act or omission was a substantial factor in bringing about the injury, and without it harm would not have occurred. *Travis*, 830 S.W.2d at 98 (citing *Kerby v. Abilene Christian Coll.*, 503 S.W.2d 526, 528 (Tex. 1973)). "'Foreseeability' means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others." *Id.* (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549–50 (Tex. 1985), and *Mo. Pac. R.R. Co.*, 552 S.W.2d at 103). Because injuries to Wright's passengers would have been a foreseeable consequence if Wright had failed to act with reasonable care while driving, we focus our analysis on whether any action by Wright proximately caused or was a "cause in fact" of Lauren's and Audrey's injuries and deaths.

Appellants argue that the medical evidence, to the effect that Audrey died from blunt force trauma to the head sustained during the accident, raised an inference that she would not have sustained a head injury if she had worn her seat

belt. But neither the medical examiner nor anyone else opined that Wright's alleged failure to ensure that Audrey wore her seat belt or that any of Wright's other actions or inactions caused Audrey's head injuries. And "cause in fact" is not established if the defendant's negligence does no more than furnish a condition that makes the injuries possible. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995) (citing *Bell v. Campbell*, 434 S.W.2d 117, 120 (Tex. 1968)).

In other words, Wright's conduct may be too attenuated from the resulting injuries to Audrey and Lauren to be a substantial factor in bringing about the harm. *IHS Cedars*, 143 S.W.3d at 799 (citing *Boys Clubs*, 907 S.W.2d at 477). Appellants' argument regarding Audrey's lack of use of a seat belt is actually an argument relative to a condition, not a cause. In *Bell*, the facts showed that, while two men were cleaning debris from a previous accident, they were struck by a car and injured. *Bell*, 434 S.W.2d at 120. The supreme court held that the previous accident simply created a condition that made the men's injuries possible, but was not a proximate cause of the men's injuries. *Id.* at 120–22. Similarly, Audrey's failure to wear a seat belt was just a condition because no one would have been injured had Goodman not struck Wright's sedan with her pickup. Appellants' seat belt argument is mere speculation because Hoffman was wearing a seat belt and sustained a fatal head injury; proof of causation cannot "turn upon speculation or conjecture." *Leitch v. Hornsby*, 935 S.W.2d 114, 119 (Tex. 1996) (quoting *Lenger v. Physicians Gen. Hosp., Inc.*, 455 S.W.2d 703, 706 (Tex. 1970)).

Appellants also contend that Trooper Lomas's deposition testimony that he found no skid marks from Wright's sedan raises an inference that Wright failed to properly brake or act to avoid the accident. Appellants also argue that Thomas's statement about Goodman's movement on the road and the statement that the

"Honda should do something"[4] reinforced that inference and presented a fact question on proximate cause.

> To establish a fact by circumstantial evidence, the circumstances relied on must have probative force sufficient to constitute a basis of legal inference; it is not enough that they raise a mere surmise or suspicion of the existence of the fact or permit a purely speculative conclusion. The circumstances relied on must be of such a character as to be reasonably satisfactory and convincing. At all events they must not be equally consistent with the non-existence of the ultimate fact.

*Polasek v. Quinius*, 438 S.W.2d 828, 837 (Tex. Civ. App.—Austin 1969, writ ref'd n.r.e.) (quoting *Bledsoe v. Yarborough*, 422 S.W.2d 222, 227 (Tex. Civ. App.—Tyler 1967, no writ)). Appellants adduced no evidence that the accident could have been avoided had Wright braked or taken such evasive action that would have left skid marks on the roadway. Appellants also adduced no medical evidence that, had Wright done anything to create skid marks, the result would have been that Audrey and Lauren would not have suffered head injuries. It is equally plausible that such action would have had no effect in light of the undisputed evidence of Goodman's actions.

Thomas testified at her deposition that, just before the accident, as she traveled eastward and moved to the right lane to avoid Goodman, who had approached her from behind and "got on her bumper," Goodman gunned her engine and tried to pass Thomas. Then Goodman lost control of her pickup, fishtailed through traffic lanes, and moved into oncoming traffic where she struck Wright's sedan. Thomas stated that Wright was driving slower than a normal rate

---

[4]The questions and answers reference a Honda vehicle, but both the deponent and the lawyer asking questions meant Wright's Acura sedan.

of speed,[5] that everything happened in "seconds," and that there was nothing Wright could have done to avoid the accident.  Another witness to the accident, Floyd, recalled that Goodman had hydroplaned her pickup and had moved into the oncoming lane where she struck Wright's sedan.  Appellants' summary judgment evidence indicated that Trooper Lomas investigated the accident and cited Goodman's failure to control speed and her driving on the wrong side, not passing, as the cause of the accident.  Trooper Lomas cited no action by Wright as a cause of the accident.

Because Appellants presented no evidence that Wright's actions or inactions proximately caused the accident or Lauren's or Audrey's death, we cannot say that the trial court erred when it granted summary judgment.

## V. *Conclusion*

Lauren's and Audrey's deaths were tragic, and nothing can assuage the grief suffered by her parents, family, and friends.  But before Wright can be held liable for their deaths, Appellants must adduce more than a scintilla of evidence that an act or omission by Wright was a proximate cause of the accident or of Lauren's and Audrey's deaths.  Because Appellants have not met this burden, we overrule their sole issue on appeal.

### *This Court's Ruling*

We affirm the judgment of the trial court.

February 21, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

MIKE WILLSON

JUSTICE

---

[5]Wright testified that her speed was 45 to 50 miles per hour prior to the accident and that she turned the wheel to the right and tried to brake prior to the collision.  Trooper Lomas said he could not determine the speed of the sedan at the point Goodman's pickup struck the sedan.

9