**Opinion issued March 1, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00191-CV

————————————

**KENDRICK DONAHOE, Appellant**

**V.**

**DANNY JONES, Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 13-DCV-205778**

---

## MEMORANDUM OPINION

Appellant, Kendrick Donahoe, challenges the trial court's take-nothing judgment, entered against him after a jury trial, in his suit for negligence against appellee, Danny Jones. In three issues, Donahoe contends that the trial court erred

in not instructing the jury on negligence per se and not rendering a directed verdict or judgment notwithstanding the verdict ("JNOV") in his favor.

We affirm.

## Background

In his third amended petition, Donahoe alleged that on May 31, 2011, while he was driving his car on Texas Parkway in Stafford and preparing to turn into a parking lot, Jones, who was "operating his mobile telephone," "failed to control" the speed of the car he was driving and struck Donahoe's car, causing him "injuries and damages." Jones generally denied the allegations and asserted the defenses of sudden emergency and unavoidable accident.

After hearing the evidence, the jury found that Jones was not negligent, and the trial court entered its take-nothing judgment against Donahoe. Donahoe then, without articulating a legal ground, moved for a JNOV. Donahoe also moved for a new trial, asserting, as discussed below, that the trial court had erred in "denying [him] a directed verdict on the question of negligence" and his requested instruction to the jury on negligence per se. The trial court denied Donahoe's motions.

## Directed Verdict

In his first issue, Donahoe argues that the trial court "erred as a matter of law by not granting [him] a directed verdict" as to liability and by "granting a directed

verdict for Jones" on his "defenses" because, "[a]s a matter of law, Jones was negligent." Donahoe asserts that Jones "failed to control his speed," collided "into [Donahoe's] vehicle without excuse or defense," and "caus[ed] [Donahoe] damage."

A directed verdict is proper if no evidence of probative force raises a fact issue on the material questions in the suit. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). When reviewing a directed verdict, we consider all the evidence in the light most favorable to the party against whom the verdict was rendered, and we disregard all evidence and inferences to the contrary. *Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 303 (Tex. 1988); *Mayes v. Stewart*, 11 S.W.3d 440, 450 n.4 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). If there is no evidence of probative force on an ultimate fact element, the trial court has the duty to direct the verdict. *Columbia/HCA of Hous., Inc. v. Tea Cake French Bakery & Tea Room*, 8 S.W.3d 18, 22 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

Donahoe asserts, without reference to the record, that the trial court granted Jones a directed verdict on his "[s]udden [e]mergency [d]efense." Because nothing in the record reflects that the trial court granted Jones a directed verdict, nothing is preserved for review on appeal. *See* TEX. R. APP. P. 33.1. Although Donahoe similarly does not direct us to any point in the record in which he moved for a

3

directed verdict on his negligence claim against Jones, the issue is preserved because Donahoe did raise it in his motion for new trial. *See Cleveland Reg'l Med. Ctr., L.P. v. Celtic Props., L.C.*, 323 S.W.3d 322, 348 (Tex. App.—Beaumont 2010, pet. denied) (issue of whether trial court erred in denying directed verdict preserved in motion for new trial). In his motion for new trial, Donahoe argued that a new trial was warranted because "the evidence prove[d] conclusively, as a matter of law, that [Jones] was negligent[,] [e]ven by his own admission."

An appeal from a denial of a motion for a directed verdict is a challenge to the legal sufficiency of the evidence. *See KMG Kanal-Muller-Gruppe Deutschland GmbH & Co. KG v. Davis*, 175 S.W.3d 379, 393 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *In re B.P.B.*, No. 01-99-00745-CV, 2000 WL 1511723, at *1 (Tex. App.—Houston [1st Dist.] Oct. 12, 2000, no pet.). A party "cannot prevail" in a challenge to the sufficiency of the evidence "without first meeting [his] burden of presenting a sufficient record on appeal." *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990)).

Here, Donahoe elected not to file[1] a reporter's record in his appeal. Therefore, we must presume that the omitted evidence supports the trial court's

---

[1] A reporter's record was due in this appeal on March 9, 2015. On March 16, 2015, the court reporter advised this Court that Donahue had not requested the preparation of a reporter's record. On April 9 and June 17, 2015, the Court

4

judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002); *Mbonu v. Office of Attorney Gen.*, No. 01-07-00659-CV, 2008 WL 2186504, at *4 (Tex. App.—Houston [1st Dist.] May 22, 2008, no pet.) (mem. op.). We cannot review claims regarding trial testimony in the absence of a reporter's record. *Perez v. Spring Branch Indep. Sch. Dist.*, No. 14-10-00058-CV, 2011 WL 742601, at *3 (Tex. App.—Houston [14th Dist.] Mar. 3, 2011, pet. denied) (mem. op.). A failure to present an adequate record to demonstrate that the trial court reversibly erred waives the issue. *See Nicholson*, 226 S.W.3d at 583.

Further, because there is not a transcript of the trial testimony, many of the factual assertions in Donahoe's brief are not supported by the record and cannot be reviewed. *See* TEX. R. APP. P. 38.1(i); *see also Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006) ("[W]e do not consider factual assertions that appear solely in briefs and are not supported by the record.").

We overrule Donahoe's first issue.

**Jury Instruction**

In his second issue, Donahoe argues that the trial court erred in denying his request that it instruct the jury that "'[t]he violation of a traffic law is negligence in

notified Donahue that a reporter's record had not been filed in his appeal. *See* TEX. R. APP. P. 37.3. On September 15, 2015, Donahue's counsel filed a letter advising the Court that Donahue "is not requesting a reporter's record" and asking the Court to "[p]lease set the [b]rief" due.

itself'" because Jones "failed to control his speed," which is a "violation" of Texas Transportation Code "[s]ection 545.351." *See* TEX. TRANSP. CODE ANN. § 545.351 (Vernon 2011). He asserts that, "in light of the pleadings, evidence, and the entire jury charge, error amounted to such denial of [his] rights as was reasonably calculated to cause, and probably did cause, rendition of [an] improper judgment."

A trial court "shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict." TEX. R. CIV. P. 277. An instruction is proper if it (1) assists the jury, (2) accurately states the law, and (3) finds support in the pleadings and evidence. *Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 221 (Tex. 2010); *Cont'l Cas. Co. v. Baker*, 355 S.W.3d 375, 382 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Generally, we review a trial court's decision on how to instruct a jury for an abuse of discretion; however, when an appellant challenges a definition as legally incorrect, we review the definition de novo. *Baker*, 355 S.W.3d at 382. If the charge is legally correct, the trial court has broad discretion regarding the submission of questions, definitions, and instructions. *Id*. at 382–83 (citing *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 664 (Tex. 1999)). Thus, we review the trial court's "legally correct definitions and instructions for an abuse of discretion." *Id.* at 383; *see Tex. Workers' Comp. Ins. Fund v. Mandlbauer*, 34 S.W.3d 909, 912 (Tex. 2000). We will not reverse a judgment for charge error unless the error was harmful because it probably caused the rendition of an

6

improper verdict. *Crump*, 330 S.W.3d at 225. In determining whether an erroneous instruction or definition probably caused an improper judgment, we examine the entire record. *Id.*

Here, the clerk's record[2] shows that Donahoe requested that the trial court instruct the jury as follows, in pertinent part:

> The violation of a traffic law is Negligence in itself.
>
> (a) Texas Transportation[] Code . . . section 545.062 FOLLOWING DISTANCE[:]
>
> an operator shall if following another vehicle, maintain an assured clear distance between the two vehicles . . . .
>
> (b) Failure to control Speed is a violation of Texas law.
>
> Do you find [that Jones] violated this traffic law?

To complain of a trial court's omission of a requested instruction, a party must have submitted a "written request to the trial court for a substantially correct instruction." *Jannin v. Sam White Oldsmobile*, 929 S.W.2d 21, 25 (Tex. App.—Houston [1st Dist.] 1996, writ denied); *see* TEX. R. CIV. P. 278. Section 545.351 provides that "[a]n operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing." TEX. TRANSP. CODE ANN. § 545.351(a). Thus, section 545.351 "incorporate[s] the ordinary negligence

---

2  We note that the copy of the *submitted* jury charge in the clerk's record on appeal is incomplete in that it is missing Question 1, the subject of Donahue's complaint. The copy on file in the district clerk's office is likewise incomplete. It is the appellant's duty to present an adequate record to demonstrate that the trial court reversibly erred. *See* TEX. R. APP. P. 33.1; *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

standard" and is not subject to a per se instruction. *See Gore v. Gore*, 233 S.W.3d 911, 913 (Tex. App.—Beaumont 2007, pet. denied). "[A] statute that requires a driver proceed safely imposes on the driver a duty of reasonable care, thus precluding a negligence per se instruction." *Louisiana–Pacific Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex. 1998); *see also Pool v. Ford Motor Co.*, 715 S.W.2d 629, 632 (Tex. 1986) (court of appeals erred in holding negligence per se applied to speeding (under former TEX. REV. CIV. STAT. ANN. art. 6701d, § 166)).

We overrule Donahoe's second issue.

## JNOV

In his third issue, Donahoe argues that the trial court erred in denying his motion for JNOV because the "verdict was contrary to the current law and the facts presented . . . during trial." Under this point, Donahoe's entire supporting argument is as follows: "For reasons previously stated in issue one and two, Jones presented no defenses thus as a matter of law he was liable. The jury verdict should have been disregarded."

An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authority and to the record. *See* TEX. R. APP. P. 38.1(i). Because Donahoe, in his brief, does not provide a cogent argument, citations to authority supporting his argument, or any citations to the record, nothing is presented for review. *See id.*; *Weaver*, 262 S.W.3d at 797.

8

Moreover, we review challenges to a trial court's ruling on a motion for JNOV under the same legal-sufficiency test applied to no-evidence challenges. *Sheehan v. Adams*, 320 S.W.3d 890, 895 (Tex. App.—Dallas 2010, no pet.). Again, without a reporter's record, we must presume that the evidence supports the trial court's judgment. *See Bennett*, 96 S.W.3d at 229–30; *Favaloro v. Comm'n for Lawyer Discipline*, 994 S.W.2d 815, 824 (Tex. App.—Dallas 1999, no pet.) (presuming record supported trial court's JNOV where no reporter's record filed).

We overrule Donahoe's third issue.

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Keyes, and Bland.